# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEVIN DOOLEY KENT, in his capacity As Receiver for Broad Reach Capital, LP, Broad Reach Partners, LLC, Bristol Advisors, LLC, Investment Consulting LLC and CV Investments LLC,** : : : : : : **Plaintiff** : : **v.** : : **JORDAN DENISE a/k/a DENISE JORDAN, ENTERCORE, INC. and ORANGE SPLENDOR, INC.** : : : : **Defendants.** : | Civil Action No. 2:22-cv-00388 RECEIVER'S PROPOSED DISCOVERY PLAN[1] |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Robin S. Weiss, Esq.**
**Vanessa L. Huber, Esq.** (*pro hac vice* **forthcoming**)
**Conrad O'Brien PC**
**1500 Market Street, Centre Square**
**West Tower, Suite 3900**
**Philadelphia, PA 19102**
**Phone: (215) 864-9600**
**Facsimile: (215) 864-0069**
**rweiss@conradobrien.com**
**vhuber@conradobrien.com**

*Counsel for Plaintiff/Receiver*

---

[1] Counsel for the Receiver sent correspondence to Jordan Denise on May 27, 2022 regarding the Scheduling Order and the need to meet and confer pursuant to Rule 26 (f) by June 27, 2022. On June 21, 2022, Counsel for the Receiver sent a proposed joint discovery plan to Jordan Denise, and requested any comments or proposed changes by no later than July 3, 2022, and again reiterated the need to meet and confer by June 27, 2022. Ms. Denise has not responded to the Receiver's proposed joint discovery plan, and has not otherwise responded to the Receiver to discuss matters relating to discovery. The proposed dates set forth herein remain unchanged from the dates included in the proposed version sent to Ms. Denise on June 21, 2022.

1

2.     Set forth a brief description of the case, including the causes of action and defenses asserted.

**This case arises out of the transfer of approximately $1,040,000.00 in Receivership Assets to and/or for the benefit of Defendants. The Complaint alleges that these funds were never repaid, and that the Receivership Parties did not receive anything of value, or reasonably equivalent value, in exchange for these transfers. The Complaint also alleges that some or all of the Receivership Assets transferred were utilized by Jordan Denise and/or Entercore, Inc. to purchase or attempt to purchase property in California.**

**The Receiver filed the Complaint on January 26, 2022 (ECF No. 1). The Complaint asserts claims for action to avoid fraudulent and voidable transfers, unjust enrichment, and a demand for an accounting. Jordan Denise ("Denise"), appearing *pro se*, filed an Answer on May 24, 2022 (ECF No. 8). Denise did not assert any affirmative defenses in her Answer. Defendants Entercore, Inc. and Orange Splendor, Inc. have not responded to the Complaint.**

3.     Have settlement discussions taken place?      Yes    **No**

    (a)     What was plaintiff's last demand?

        (1)     Monetary demand: **None. Based upon information currently available to the Receiver, the Complaint identifies a total of $1,040,000.00 in transfers made to and/or for the benefit of Defendants, which the Receiver seeks to recover, in addition to any additional transfers not presently known to the Receiver.**

        (2)     Non-monetary demand: **The Receiver demands an Accounting.**

    (b)     What was defendant's last offer?

        (1)     Monetary offer: **None.**

        (2)     Non-monetary offer: **None.**

4.     The parties **have not met** pursuant to Fed. R. Civ. P. 26(f):

**The Receiver sent correspondence to Jordan Denise on May 27, 2022 and June 21, 2022 attempting to schedule a meet and confer pursuant to Rule 26 (f), and included a proposed joint discovery plan with the June 21, 2022 letter. The Receiver has not received any response from Ms. Denise regarding the proposed discovery schedule.**

5.     The parties **have not yet** exchanged the information required by Fed. R. Civ. P. 26(a)(1).

**Counsel for the Receiver proposes that the information required by Fed. R. Civ. P. 26(a)(1) be served and exchanged by July 25, 2022.**

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

**Defendants' position with regard to the completion of initial disclosures is unknown to Counsel for the Receiver at this time.**

7. The parties **have not** filed disclosures of third-party litigation funding. *See* Local Civil Rule 7.1.1.

**N/A.**

8. The parties **have not yet** conducted discovery.

9. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

    - **Communications between Brenda Smith and/or the Receivership Parties and Defendants;**
    - **The relationship between the Defendants, Brenda Smith and the Receivership Parties;**
    - **The disbursement of funds and other assets to Defendants, and what Defendants provided in exchange for those disbursements;**
    - **The disbursement of funds or other assets on behalf of Defendants, and what Defendants provided in exchange for those disbursements;**
    - **Defendants' state of mind and potential bad faith in connection with these disbursements;**
    - **The existence and whereabouts of any assets attributable to transfers from any Receivership Party;**
    - **The assets and financial condition of the Defendants;**
    - **The status of the corporate Defendants;**
    - **The Complaint's material allegations; and**
    - **The parties may identify additional areas of discovery as litigation proceeds.**

    (b) Discovery should **not** be conducted in phases or be limited to particular issues. Explain.

    1) Fed. R. Civ. P. 26(a)(1) Disclosures: **served by July 25, 2022.**

    (c) Proposed schedule:

    2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **none needed.**

      3) Service of initial written discovery: **August 1, 2022.**
      4) Maximum of **25** Interrogatories by each party to each other party (**without leave of court**).
      5) Maximum of **10** depositions to be taken by each party (**without leave of court**).
      6) Motions to amend or to add parties to be filed by: **October 17, 2022.**
      7) Factual discovery to be completed by: **February 1, 2023.**
      8) Plaintiff's expert report due on: **March 3, 2023.**
      9) Defendant's expert report due on: **April 3, 2023.**
      10) Expert depositions to be completed by: **May 14, 2023.**
      11) Dispositive motions to be served within **30** days of completion of discovery**.**

(d)     Set forth any special discovery mechanism or procedure requested

      **None.**

(e)     A pretrial conference may take place on **August 1, 2023, or 30 days after disposition of a dispositive motion.**

(f)     Trial date: **TBD**     (**Bench Trial**)

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Yes**    No.
If so, please explain.

**Some virtual depositions may be necessary given the ongoing COVID-19 pandemic and that certain witnesses, including Brenda Smith, are presently incarcerated.**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes    **No**

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

**Bates stamped PDFs. Counsel can make requests for native files of a PDF, if available. Additionally, Plaintiff/Receiver may respond to discovery requests by granting access to the Document Repository established pursuant to this Court's Order Approving Creation of Document Repository and Protective Order entered in *SEC v. Smith, et al.*, No. 2:19-cv-17213 (MCA) (D.N.J.) ("*SEC v. Smith* Matter") (ECF No. 118).**

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

**A protective order has been entered in the *SEC v. Smith* Matter. (ECF No. 118). That order should govern Plaintiff/Receiver's production of materials in this case, to the extent applicable. The parties may also seek to enter into a supplemental protective order specific to this litigation.**

13. Do you anticipate any discovery problem(s) not listed above? Describe.
    **Yes**     No

**The Receiver intends to seek the entry of a default judgment against the parties who have not timely responded to the Complaint. To the extent any of those parties then seek to have the entry of a default or default judgment set aside, this could affect the deadlines proposed herein. It is also unknown whether Jordan Denise may request additional time for discovery.**

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

**No as to arbitration as the damages exceed $150,000. Mediation may be appropriate after the exchange of written discovery.**

15. Is this case appropriate for bifurcation? Yes  **No**

16. An interim status/settlement conference (with clients in attendance), should be held in **February 2023 after the completion of fact discovery**.

17. The parties **do not consent** to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

**The Receiver anticipates seeking the entry of a default judgment against the defendants who have not responded to the Complaint, which may require the Court to conduct hearings.**

*/s Robin S. Weiss / July 6, 2022*
Attorney(s) for Plaintiff(s) / Date

5