# ORDER



Robin S. Weiss<br>
*Attorney at Law*<br>
Direct Dial: 215.864.8086<br>
Direct Fax: 215.523.9714<br>
rweiss@conradobrien.com

January 3, 2023

**VIA ELECTRONIC FILING**
The Honorable Edward S. Kiel
United States Magistrate Judge
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

**RE:**   *Kent v. Denise et al.*, **No. 22-cv-00388**

Dear Judge Kiel:

Plaintiff Kevin Dooley Kent, in his capacity as the Receiver, respectfully submits this letter to the Court requesting leave to file a Motion to Compel Discovery and for Sanctions under Federal Rule of Civil Procedure 37, in light of Defendant Jordan Denise's continued failure to participate in discovery and her failure to comply with this Court's Order entered on November 1, 2022.

**A.     The Ongoing Discovery Dispute**

As set forth in the Receiver's letter to the Court filed on October 19, 2022 (ECF No. 19), the Court's Pretrial Scheduling Order required the parties to exchange Rule 26(a)(1) disclosures by July 25, 2022, and initial written discovery requests were to be served by August 1, 2022.  In accordance with the Pretrial Scheduling Order, the Receiver served Ms. Denise with his Rule 26(a)(1) disclosures on July 25, 2022, and a First Set of Document Requests and First Set of Interrogatories on August 1, 2022.  On September 22, 2022, after not having been served with Ms. Denise's Rule 26(a)(1) disclosures or responses to the Receiver's discovery requests, and in

Page 2                          **CONRAD O'BRIEN PC**
January 3, 2023

a good faith effort to address and resolve the issue in accordance with Local Rule 37.1, the Receiver sent a letter to Ms. Denise asking her to provide her initial disclosures and written discovery responses by October 7, 2022 or to set forth in writing why she is not participating in discovery.

Although Ms. Denise filed an Answer *pro se* in this matter (ECF No. 8), she has never personally responded to any communications from Counsel for the Receiver since this lawsuit was filed. Instead, Joseph Scalia, Esquire, who is not licensed in the District of New Jersey and has not yet moved to appear *pro hac vice* in this matter, claims to represent Jordan Denise and has sent several communications to Counsel for the Receiver on Ms. Denise's behalf.

On October 6, 2022, Mr. Scalia e-mailed Counsel for the Receiver on behalf of Ms. Denise, informing Counsel that Ms. Denise's current health issues have prevented her from communicating or participating in the case and attaching a one-sentence preliminary letter from Ms. Denise's physician. As such, Mr. Scalia stated that he would be taking a more active role in this matter and would (1) move for *pro hac vice* admission; (2) obtain medical records from Ms. Denise's physicians; (3) draft a stipulation to extend the discovery deadlines; and (4) produce documents that are responsive to the Receiver's First Set of Document Requests. On October 7, 2022, Counsel for the Receiver responded to Mr. Scalia's e-mail, asking him to coordinate with local counsel for his *pro hac vice* admission so that he may formally represent Ms. Denise in this action, and so that Counsel may work with Mr. Scalia on outstanding discovery issues and extension requests.

On October 13, 2022, Counsel for the Receiver e-mailed Ms. Denise and Mr. Scalia a draft joint letter to submit to the Court regarding Ms. Denise's failure to participate in discovery,

requesting that Ms. Denise set forth her position in the letter regarding her outstanding discovery by no later than October 19, 2022 at 12:00 p.m.  On October 18, 2022 at 5:22 p.m., Mr. Scalia acknowledged receipt of Counsel's e-mail but failed to set forth proposed language to be included in the letter, aside from informing Counsel that he would be "in communication with [Ms. Denise] soon to complete the discovery requests and to compile the documents she has thus far collected."  Therefore, on October 19, 2022, the Receiver filed a letter with the Court on his own behalf (ECF No. 19), detailing the discovery dispute and the Receiver's efforts to resolve the dispute, and requesting that the Court order Ms. Denise to provide her Rule 26(a)(1) disclosures and her responses to the Receiver's First Set of Document Requests and First Set of Interrogatories within ten (10) days, or submit sufficient medical documentation with the Court establishing a need for additional time to comply with her discovery obligations.  The Receiver further indicated that should Ms. Denise continue to fail to timely participate in discovery, the Receiver may move for default against Ms. Denise.

**B.      The Court's Telephone Status Conference and Text Order**

On November 1, 2022, the Court held a telephone status conference, which Mr. Scalia attended on Ms. Denise's behalf.  During the conference, Mr. Scalia informed the Court that he would be moving for *pro hac vice* admission but needed additional time to complete discovery given Ms. Denise's health issues, to which the Court responded that Ms. Denise would have until December 15, 2022 to produce all outstanding discovery to the Receiver.  Following the conference, the Court entered a Text Order (ECF No. 23) ordering Ms. Denise to respond to the Receiver's written discovery requests by December 15, 2022.

Page 4                                                                                                                       **CONRAD O'BRIEN PC**
January 3, 2023

**C.   Ms. Denise's Failure to Comply with the Court's Order**

Neither Ms. Denise nor Mr. Scalia produced any outstanding discovery responses to the Receiver by the December 15, 2022 deadline. Rather, Mr. Scalia e-mailed Counsel for the Receiver that day to inform Counsel of the following: (1) he would be filing his motion for *pro hac vice* admission that day; (2) the discovery requests were "just about complete" pending Ms. Denise's review and signature and would be produced to the Receiver by "Monday 12/18[1] at the latest"; (3) the parties would have to update the joint discovery plan to reflect the changed timeline; and (4) the parties would have to enter a stipulation for the Court to amend the current scheduling order. *See* December 15, 2022 Email Correspondence with Mr. Scalia, attached hereto as Exhibit A, at 2. Counsel for the Receiver responded shortly thereafter, thanking Mr. Scalia for the update, stating that she would look forward to Mr. Scalia's *pro hac vice* motion and Ms. Denise's discovery responses, and expressing a willingness to discuss a potential extension of case management deadlines after Mr. Scalia filed his *pro hac vice* motion with the Court. *See* Ex. A at 2.

On December 20, 2022, Mr. Scalia e-mailed Counsel for the Receiver and informed Counsel that he was diligently working on the discovery responses, apologized for the delay, and said it was "taking a little longer than anticipated." Ex. A at 1. Counsel once again thanked Mr. Scalia for the update, but informed him that "[g]iven the upcoming discovery deadlines, and the fact that the Court-imposed deadline for Ms. Denise to provide discovery responses has already passed," that Counsel would seek further relief from the Court if Mr. Scalia did not send the

---

[1] The Receiver presumes that this is a typo, and that Mr. Scalia meant Monday, December 19.

Page 5                                                        **CONRAD O'BRIEN PC**
January 3, 2023

discovery responses and initial disclosures to Counsel by Friday, December 23. *Id.* Mr. Scalia replied that he "completely underst[oo]d" Counsel's position "and it is not unreasonable." *Id.*

To date, Mr. Scalia has not filed his motion for *pro hac vice* admission, and neither he nor Ms. Denise have produced Ms. Denise's (1) Rule 26(a)(1) disclosures, (2) responses to the Receiver's First Set of Document Requests, or (3) responses to the Receiver's First Set of Interrogatories. Ms. Denise's failure to produce this outstanding discovery is in direct violation of this Court's Order entered on November 1, 2022.

**D.**        **The Receiver's Request for Leave to File a Motion to Compel/for Sanctions**

Given Ms. Denise's continued failure to participate in discovery, her violation of this Court's November 1, 2022 Order, and Counsel for the Receiver's numerous attempts to resolve the ongoing discovery dispute with Mr. Scalia—who has indicated to both Counsel and this Court that he would move for *pro hac vice* admission but has still yet to do so—the Receiver submits this letter to respectfully ==request leave to file a Motion to Compel Discovery under Rule 37(a)(3), and for Sanctions under Rule 37(b)(2)(A), (c)(1), and (d)(1)(A)(ii)==.

Should the Court grant leave to the Receiver, the Receiver's Motion will specifically seek to compel Ms. Denise's Rule 26(a)(1) disclosures, her responses to the Receiver's First Set of Document Requests (including all documents that are responsive to the Requests), and her responses to the Receiver's First Set of Interrogatories. In addition, the Motion will ask the Court to enter default against Ms. Denise and strike Ms. Denise's Answer to the Complaint (ECF No. 8) as sanctions for her failure to obey this Court's November 1, 2022 Order, *see* Rule 37(b)(2)(A), for her failure to provide her Rule 26(a)(1) disclosures, *see* Rule 37(c)(1), and for

her failure to provide her responses to the Receiver's discovery requests, *see* Rule 37(d)(1)(A)(ii).

          Respectfully submitted,

          */s/ Robin S. Weiss*
Robin S. Weiss, Esquire
Vanessa L. Huber, Esquire
Conrad O'Brien PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-1921
Telephone: (215) 864-9600
Facsimile: (215) 864-9620
rweiss@conradobrien.com
vhuber@conradobrien.com
*Counsel for Plaintiff/Receiver*

**The highlighted requests are granted.
So Ordered.**

    ***/s/ Edward S. Kiel***
**Edward S. Kiel, U.S.M.J.
Date: January 4, 2023**