## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KEVIN DOOLEY KENT, in his capacity as Receiver for Broad Reach Capital, LP, Broad Reach Partners, LLC, Bristol Advisors, LLC, Investment Consulting LLC, CV International Investments Limited and CV Investments LLC,** | : : : : : : | **Civil Action** |
| | : : | **No. 2:22-cv-00388** |
| **Plaintiff,** | : : | |
| **v.** | : : | **Motion Day: January 23, 2024** |
| | : | |
| **JORDAN DENISE a/k/a DENISE JORDAN, ENTERCORE, INC. and ORANGE SPLENDOR, INC.,** | : : : : | |
| **Defendants.** | : : | |

## RECEIVER'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SANCTIONS AGAINST DEFENDANT JORDAN DENISE

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................1

II.   FACTUAL BACKGROUND..............................................................1

    A.    Procedural History ..................................................................1

    B.    The Discovery Dispute Regarding Defendant's Deposition.................4

III.  ARGUMENT .....................................................................................11

    A.    Standard on Motion for Sanctions......................................12

    B.    This Court Should Strike Defendant's Answer, Enter Default
          Against Her, and Order Her to Pay Costs Associated with the
          Receiver's Preparation for Her Deposition and this Motion...............14

        1.    Defendant's Personal Responsibility ...........................14

        2.    Prejudice to the Receiver........................................19

        3.    Defendant's History of Dilatoriness...........................21

        4.    Defendant's Willful or Bad Faith Conduct ................23

        5.    Effectiveness of Alternative Sanctions .....................24

        6.    Meritoriousness of the Claim or Defense .................26

    C.    In the Event Defendant Makes Herself Available for a
          Deposition Before the Court Rules on this Motion, She Should
          Still Be Ordered to Pay the Costs Associated with the Receiver's
          Preparation of this Motion................................................28

IV.   CONCLUSION.................................................................................29

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Adams v. Trs. of N.J. Brewery Emps. Pension Tr. Fund*,
    29 F.3d 863 (3d Cir. 1994) ............................................................................. 19, 21

*Antico v. Honda of Camden*,
    85 F.R.D. 34 (E.D. Pa. 1979)........................................................................ 28, 29

*Arpaio v. Dupre*,
    2015 WL 9269981 (D.N.J. Sept. 9, 2015)...........................................................24

*Briscoe v. Klaus*,
    538 F.3d 252 (3d Cir. 2008) ................................................................... 14, 19, 21

*Coastal Mart, Inc. v. Johnson Auto Repair, Inc.*,
    196 F.R.D. 30 (E.D. Pa. 2000)...........................................................................25

*Cox v. UPS*,
    753 F. App'x 103 (3d Cir. 2018) .........................................................................14

*Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*,
    843 F.2d 683 (3d Cir. 1988) ...............................................................................15

*DirecTV, Inc. v. Needleman*,
    2005 WL 8174792 (D.N.J. Aug. 10, 2005) .........................................................15

*Drozd v. Padron*,
    2015 WL 507167 (M.D. Pa. Feb. 6, 2015)................................................. *passim*

*Emerson v. Naples (In re Mark Benskin & Co.)*,
    161 B.R. 644 (Bankr. W.D. Tenn. 1993)............................................................27

*Gambrell v. First Student*,
    2017 WL 5465526 (D.N.J. June 2, 2017)...........................................................13

*Garcia v. S&F Logistics*,
    2022 WL 14228982 (E.D. Pa. Oct. 24, 2022) .....................................................15

*Hampton Forge, Ltd. v. Descamps*,
2006 WL 469953 (D.N.J. Feb. 23, 2006) ............................................................22

*Harri-Das v. Singh*,
2021 WL 11959606 (D.N.J. Jan. 28, 2021)................................................... 24, 27

*Huertas v. City of Philadelphia*,
2005 WL 226149 (E.D. Pa. Jan. 26, 2005)................................................... 23, 26

*Hunt-Ruble v. Lord, Worrell & Richter, Inc.*,
2012 WL 2340418 (D.N.J. June 19, 2012)........................................................23

*In re Chandler*,
2018 WL 4354349 (E.D. Pa. Sept. 12, 2018)............................................... 16, 22

*In re Manhattan Inv. Fund Ltd.*,
397 B.R. 1 (S.D.N.Y. 2007)...........................................................................27

*In re McCarn's Allstate Fin., Inc.*,
326 B.R. 843 (Bankr. M.D. Fla. 2005).............................................................27

*Karakozova v. Univ. of Pittsburgh*,
2010 WL 3829646 (W.D. Pa. Sept. 24, 2010)............................................. 19, 20

*Malia v. Amazon.com, Inc.*,
2019 WL 6498919 (D.N.J. Nov. 12, 2019) .......................................................12

*McGinley v. Barratta*,
2008 WL 4601922 (E.D. Pa. Sept. 17, 2008).....................................................18

*Mercer v. Under Armour, Inc.*,
2017 WL 891769 (D.N.J. Feb. 3, 2017) ............................................................23

*Milligan v. Davidson*,
1996 WL 680134 (E.D. Pa. Nov. 19, 1996) ................................................. 16, 21

*Mindek v. Rigaitti*,
964 F.2d 1369 (3d Cir. 1992) ........................................................................14

*Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v.*
   *Cigna Health & Life Ins. Co.*,
   2023 WL 5979835 (D.N.J. Aug. 28, 2023) ..........................................................21

*Penn-Field Precision, Inc. v. Gen. Plating Corp.*,
   1986 WL 819 (E.D. Pa. Jan. 14, 1986)...............................................................28

*Poulis v. State Farm Fire & Cas. Co.*,
   747 F.2d 863 (3d Cir. 1984) ............................................. 13, 14, 23, 26

*Ramada Worldwide Inc. v. Highend Hotel Grp. of Am., LLC*,
   2022 WL 17730928 (D.N.J. Sept. 28, 2022) ......................................................13

*Ross-Tiggett v. Reed Smith, LLP*,
   2019 WL 4723356 (D.N.J. Aug. 7, 2019) ..........................................................21

*Sakhai v. Funding Am. Mortg. Corp.*,
   2008 WL 11509803 (D.N.J. Jan. 16, 2008) ........................................................15

*Schindler Elevator Corp. v. Otis Elevator Co.*,
   2011 WL 4594225 (D.N.J. Mar. 24, 2011) ........................................................15

*Scholes v. Lehman*,
   56 F.3d 750 (7th Cir. 1995) .................................................................................27

*Shekia Grp., LLC v. Wholesale Cabinetry, LLC*,
   2019 WL 2396791 (D.N.J. May 2, 2019).............................................. 14, 19, 28

*Toorzani v. Elmwood Park Bd. of Educ.*,
   2011 WL 13238526 (D.N.J. May 19, 2011) .......................................................16

*Trowery v. O'shea*,
   2015 WL 9587608 (D.N.J. Dec. 30, 2015)..........................................................13

*W. Coast Quartz Corp. v. M.E.C. Tech, Inc.*,
   2017 WL 1944197 (D.N.J. May 9, 2017)................................................. 25, 27

*Walsh v. Ernie's Auto Detailing Inc.*,
   2022 WL 18027856 (D.N.J. Nov. 30, 2022) ............................................. *passim*

*Yancey v. Wal-Mart Corp.*,
2022 WL 972489 (D.N.J. Jan. 31, 2022)...............................................................20

*Young v. S. Beach Bar & Grill Corp.*,
2023 WL 7001442 (D.N.J. Sept. 11, 2023).............................................. 12, 24, 27

**Statutes**

12 Pa.C.S. § 5104........................................................................................................27

**Rules**

Fed. R. Civ. P. 16 ................................................................................... 1, 11, 12, 13

Fed. R. Civ. P. 37 ................................................................................... 1, 11, 12, 13

## I.    INTRODUCTION

Plaintiff Kevin Dooley Kent, in his capacity as Receiver for Broad Reach Capital, LP, Broad Reach Partners, LLC, Bristol Advisors, LLC, BA Smith & Associates LLC, Investment Consulting LLC, and CV Investments LLC (the "Receiver"), and pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(a) & (d)(1)(A)(i), moves for sanctions against Defendant Jordan Denise for failing to appear for her November 17, 2023 deposition and violating the Court's September 21, 2023 Order (ECF No. 58) requiring her to appear for a deposition by November 20, 2023.  In further support of the Motion, and in accordance with Rule 37(a)(1) and (d)(1)(B), the Receiver submits the attached Certification of Robin S. Weiss, Esq.

## II.    FACTUAL BACKGROUND

### A.    Procedural History

The Receiver initiated this action against Defendants Jordan Denise, Entercore, Inc., and Orange Splendor, Inc. (collectively, "Defendants"), pursuant to a June 29, 2020 Order (the "Receivership Order") issued by the Honorable Madeline Cox Arleo, United States District Judge for the District of New Jersey, in the underlying action brought by the Securities and Exchange Commission against Brenda Smith, Broad Reach Capital, LP, Broad Reach Partners, LLC, and Bristol Advisors, LLC (collectively, the "Smith Defendants") captioned *SEC v. Smith, et*

*al.*, C.A. No. 2:19-cv-17213 (MCA) (D.N.J.) (the "*SEC v. Smith* Action"). As outlined in detail in the Complaint (ECF No. 1), the Receiver seeks to recover and avoid the fraudulent transfers of Receivership Assets made by certain of the Receivership Parties to and/or on behalf of Defendants, under theories of fraudulent transfer and unjust enrichment, and also seeks an accounting.

On January 26, 2022, the Receiver filed the Complaint against Defendants. *See* ECF No. 1 ("Compl."). On April 18, 2022, the Receiver filed a letter with the Court, indicating that he agreed to extend the time for Defendants to file an Answer to the Complaint, and requested such extension from the Court. *See* ECF No. 6. On April 19, 2022, the Court granted the extension request, giving Defendants until May 18, 2022 to file Answers to the Complaint. *See* ECF No. 7.[1] On May 24, 2022 Defendant Jordan Denise filed a *pro se* Answer to the Complaint. *See* ECF No. 8.[2]

After filing an Answer to the Complaint—and as set forth at length in the Receiver's administratively terminated January 17, 2023 Motion to Compel and For Sanctions (ECF No. 26)—Defendant Jordan Denise (hereinafter "Defendant") failed to plead, defend, or otherwise participate in the case until she retained her current

---

[1]   After Entercore, Inc. and Orange Splendor, Inc. failed to appear, answer, plead, or otherwise defend against the Complaint, the Receiver requested the entry of default against them. *See* ECF No. 18. The Clerk entered a default against them on October 12, 2022.

[2]   The Answer is dated May 18, 2022 and was mailed to the Clerk of Court for filing on May 18, 2022.

counsel in early February 2023.  In its July 13, 2022 Scheduling Order, the Court noted Defendant's failure to participate in the preparation of the Joint Discovery Plan and failure to appear for the Court's initial scheduling conference.  *See* ECF No. 14 at 1.

On October 19, 2022, the Receiver filed a letter with the Court on his own behalf, detailing Defendant's failure to respond to the Receiver's discovery requests or provide her Rule 26(a)(1) disclosures, Defendant's claim that unspecified health issues prevented her from participating in the case, the Receiver's efforts to resolve the dispute, and the Receiver's intent to move for default against Defendant should she continue to fail to timely participate in discovery.  *See* ECF No. 19.  On November 1, 2022, the Court entered a Text Order directing Defendant to respond to the Receiver's discovery requests by December 15, 2022.  *See* ECF No. 23.

On January 3, 2023, after not having received any discovery responses from Defendant, the Receiver filed a letter with the Court seeking leave to file a motion to compel discovery and for sanctions against Defendant.  *See* ECF No. 24.  On January 4, 2023, the Court entered an Order granting the Receiver leave to file the motion to compel and for sanctions.  *See* ECF No. 25.  The Receiver subsequently filed the motion on January 17, 2023.  *See* ECF No. 26.

On February 3, 2023, Counsel for the Receiver received an email from Defendant's current counsel stating that Defendant had retained them to represent

3

her in this action.  Following a series of adjournments of the return date on the

motion to compel and for sanctions to allow Defendant's new counsel an opportunity

to obtain and provide the outstanding discovery responses to the Receiver, *see* ECF

Nos. 29, 31-32, 36-41, and following the Court's April 18, 2023 telephone status

conference with the parties, the Court entered an Order terminating the Receiver's

motion to compel and for sanctions in light of Defendant's expressed intent to

provide all outstanding discovery to the Receiver.  *See* ECF No. 44.  Defendant

provided her outstanding written discovery responses to the Receiver on various

dates between May and July 2023.  *See* ECF No. 53 at 1.  During the same timeframe,

the Receiver sought to depose Defendant.

As explained in the September 19, 2023 joint discovery dispute letter (ECF

No. 56) and set forth at length *infra*, the instant Motion is premised on Defendant's

failure to appear for her November 17, 2023 deposition and violation of the Court's

September 21, 2023 Text Order (ECF No. 58) requiring her to appear for a

deposition by November 20, 2023.

### B.    The Discovery Dispute Regarding Defendant's Deposition

On May 11, 2023, Counsel for the Receiver emailed counsel for Defendant

requesting that they provide available dates in June to conduct Defendant's

deposition.  On May 25, Receiver's Counsel sent a follow up email stating that they

would move forward with choosing a deposition date and issuing a Notice of

Deposition if counsel did not provide available dates by May 31. On May 30, Defendant's counsel requested that Defendant's deposition take place on July 7. Counsel for the Receiver thereafter issued a Notice of Deposition[3] scheduling Defendant's deposition for July 7 via Zoom.

On June 27, 2023 during a meet and confer to resolve certain discovery disputes regarding Defendant's written discovery responses, Defendant's counsel requested a 2-week postponement of her deposition due to scheduling conflicts of counsel and certain health issues of Defendant. On June 30, Receiver's Counsel emailed Defendant's counsel to inquire whether July 25 was a viable deposition date. Defendant's counsel responded shortly thereafter stating that they would let counsel know later that day.

On July 5, 2023, two days before Defendant's scheduled deposition, and after not having heard back from Defendant's counsel regarding an alternative date, Receiver's Counsel emailed Defendant's counsel to advise that, based on the above, they would not be proceeding with Defendant's July 7 deposition. Receiver's Counsel further stated that they would move forward with issuing a Revised Notice of Deposition for July 25 if they did not hear back from Defendant's counsel by 3pm EST that day regarding the viability of that date. Defendant's counsel responded

---

[3]    A copy of the June 8, 2023 Notice of Deposition is attached hereto as Exhibit A.

shortly thereafter requesting available dates for the week of July 31, and Receiver's Counsel replied proposing August 1 or 2.

On July 6, 2023, Defendant's counsel emailed Receiver's Counsel stating that August 2 may tentatively work but also requesting proposed dates for the week of August 7. Receiver's Counsel responded the next day stating that they did not want push back the deposition any further, noting the then-August 18 fact discovery deadline and the fact that Counsel may need to conduct additional discovery after deposing Defendant. Defendant's counsel replied the same day confirming August 2 as Defendant's rescheduled deposition date and requesting that Receiver's Counsel stipulate to extending the fact discovery deadline "to make sure [counsel] ha[d] some flexibility possible if Ms. Denise's medical issues have not cleared up by then." ECF No. 56 at 2. Receiver's Counsel subsequently issued a Revised Notice of Deposition[4] rescheduling Defendant's deposition for August 2 and filed a joint status letter in which the parties jointly requested a 60-day extension of the scheduling order deadlines. *See* ECF No. 53. The Court granted the extension request, *see* ECF No. 54, which pushed the fact discovery deadline to October 17, 2023.

On July 26, 2023, Defendant's counsel emailed Receiver's Counsel requesting a 30-day postponement of Defendant's deposition in light of Defendant's

---

[4]    A copy of the July 10, 2023 Revised Notice of Deposition is attached hereto as Exhibit B.

purported medical issues that were expected to subside within a month.  Receiver's Counsel responded shortly thereafter expressing condolences and agreeing to push back the deposition "one more time by a few weeks," but making clear that they "[could not] agree to push it back any further than that, as [they] need[ed] time to conduct additional discovery afterwards." ECF No. 56 at 3.  Receiver's Counsel then stated that they would like to get a new date scheduled and proposed August 28, 30, or 31 as alternative dates.  On July 27, 2023, Defendant's counsel confirmed August 31 as an alternative deposition date, and on July 28, Receiver's Counsel issued a Revised Notice of Deposition[5] rescheduling Defendant's deposition for August 31.

On August 24, 2023, one week before Defendant's rescheduled deposition, Defendant's counsel emailed Receiver's Counsel that "unfortunately and unexpectedly," Defendant had informed them that her medical conditions had worsened, and that a letter[6] from Defendant's doctor advised that she "w[ould] probably by physically unavailable and/or unable to participate in the scheduled deposition."  ECF No. 56 at 3-4.  Receiver's Counsel responded shortly thereafter and stated that, "as [] indicated in [the] July 26 email . . . [they] cannot agree to postpone or reschedule Ms. Denise's deposition a third time as [they] will need time

---

[5]    A copy of the July 28, 2023 Revised Notice of Deposition is attached hereto as Exhibit C.

[6]    The August 23, 2023 physician letter was filed under seal as Exhibit D to the parties September 19, 2023 joint discovery dispute letter.  *See* ECF No. 56 Ex. D.

after her deposition to conduct additional discovery. Fact discovery ends on October 17, and the doctor's letter suggests delaying the deposition until after the close of fact discovery." *Id.* at 4. As such, "and in light of the fact that [the parties] have been in fact discovery for over a year and [Counsel] do[es] not want to further extend the scheduling order deadlines," Receiver's Counsel stated that they intended to bring the matter to the Court for resolution. *Id.*

On September 19, 2023, the parties submitted a joint discovery dispute letter to the Court outlining the Receiver's attempts to depose Defendant. *See* ECF No. 56. On September 21, 2023, the Court entered a Text Order ordering that Defendant "be made available and appear for a deposition by November 20, 2023," and that Defendant "will be granted no further extensions to appear." ECF No. 58.

Shortly after the entry of the Court's Text Order, Receiver's Counsel emailed Defendant's counsel asking for available dates to reschedule Defendant's deposition. On October 19, 2023, after several email exchanges with Defendant's counsel in an attempt to obtain available dates for Defendant's deposition, Receiver's Counsel emailed Defendant's counsel informing them that they would proceed with issuing a Notice of Deposition if they were not provided with available dates by October 24. On October 20, 2023, Defendant's counsel responded and indicated that if their ongoing attempts to contact Defendant were unsuccessful, that the deposition could be set for the week of November 13. On October 24, 2023, Receiver's Counsel

issued a Revised Notice of Deposition[7] rescheduling Defendant's deposition for November 16.

On November 9, 2023, Defendant's counsel called Receiver's Counsel to inform them that they had not been able to get in touch with Defendant to prepare her for her deposition, aside from the few correspondence they had received from Defendant regarding her medical conditions. Counsel for the parties agreed to touch base again on November 13 on the status of counsel's attempts to contact Defendant. On November 13, 2023, Defendant's counsel emailed Receiver's Counsel that they still had not heard from Defendant and scheduled a call with all counsel for November 14. On the November 14 call, all counsel agreed to postpone Defendant's deposition by one day, to November 17, 2023, in hopes that Defendant would communicate with her counsel, but her counsel made clear that Defendant may not appear.

On November 15, 2023, Receiver's Counsel issued a Revised Notice of Deposition[8] rescheduling Defendant's deposition for November 17, 2023, as discussed. Receiver's Counsel thereafter informed Defendant's counsel that they did not intend on cancelling Defendant's deposition notwithstanding the possibility

---

[7]    A copy of the October 24, 2023 Revised Notice of Deposition is attached hereto as Exhibit D.

[8]    A copy of the November 15, 2023 Revised Notice of Deposition is attached hereto as Exhibit E.

that she will not appear, given the Court's September 21 Text Order specifying that the deposition must take place by November 20, 2023 and that no further extensions would be granted. *See* ECF No. 58.

On November 17, 2023, Ms. Denise failed to appear for her deposition, and the Receiver's counsel noted this on the record.[9] Following the deposition, the parties submitted a joint status letter to the Court in advance of the November 20, 2023 status conference. *See* ECF No. 62. On November 20, 2023, the Court held a telephone status conference with the parties on the record, during which the parties discussed their respective positions regarding Defendant's failure to appear for her deposition. On November 21, 2023, the Court entered an Order in which it granted the Receiver leave to file the instant Motion for Sanctions and scheduled a telephonic hearing on the Motion for January 23, 2024. *See* ECF No. 63 ¶¶ 1-2.

As set forth above, despite rescheduling Defendant's deposition four times in an effort to accommodate Defendant, and notwithstanding the Court's September 21, 2023 Text Order requiring Defendant to appear for a deposition by November 20, 2023, *see* ECF No. 58, Defendant did not appear for her November 17, 2023 deposition. Defendant's failure to appear for her deposition is in direct violation of this Court's September 21, 2023 Text Order and in violation of the Federal Rules of Civil Procedure.

---

[9]    A copy of the November 17, 2023 Transcript is attached hereto as Exhibit F.

Accordingly, the Receiver brings this Motion for Sanctions against Defendant Jordan Denise.

## III.    ARGUMENT

This Court should sanction Defendant Jordan Denise pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(a) & (d)(1)(A)(i) for her failure to appear for her November 17, 2023 deposition and for her violation of the Court's September 21, 2023 Order (ECF No. 58) requiring her to appear for a deposition by November 20, 2023.[10] Specifically, the Court should impose the following sanctions: (1) strike Defendant's Answer to the Complaint (ECF No. 8); (2) enter default against Defendant; (3) order Defendant to pay the costs associated with the Receiver's preparation of Defendant's deposition; and (4) order Defendant to pay the costs associated with the Receiver's preparation of the instant Motion.[11]  These sanctions are warranted given Defendant's history of evasiveness and noncompliance in this action and the significant time and effort the Receiver has expended over the past seven months attempting to depose Defendant.  In the event Defendant makes herself available for a deposition before the Court rules on the

---

[10]    Defendant's failure to appear for her deposition also violates the Receivership Order entered in the *SEC v. Smith* Action.  *See* Compl. Ex. B ¶¶ 23, 35.

[11]    Should the Court decline to enter default against Defendant and this matter proceeds to trial, the Receiver respectfully requests the Court sanction Defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) and prohibit her from testifying and/or introducing any evidence at trial.

instant Motion, the Receiver requests that the Court still grant the Motion and order Defendant to pay the costs associated with the Receiver's preparation of this Motion.

### A.    Standard on Motion for Sanctions

Federal Rule of Civil Procedure 37 states that "[t]he court where the action is pending may, on motion, order sanctions if" a party "fails, after being served with proper notice, to appear for [their] deposition" and "fails to obey" a court order mandating their appearance at a deposition. Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A)(i); *see also* Fed. R. Civ. P. 16(f)(1)(C). The sanctions available for a party's failure to appear for a deposition and violation of a court order requiring their appearance for a deposition include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii) & (vi); *see also* Fed. R. Civ. P. 37(d)(3) & 16(f)(1).  "While striking [a] pleading and entering default is a drastic sanction," this Court has found "it is appropriate when no other sanction can be effective and it is not possible to proceed with the litigation." *Walsh v. Ernie's Auto Detailing Inc.*, 2022 WL 18027856, at *3 (D.N.J. Nov. 30, 2022) (Kiel, J.), *report and recommendation adopted*, 2022 WL 18027847 (D.N.J. Dec. 30, 2022) (citing *Malia v. Amazon.com, Inc.*, 2019 WL 6498919, at *3 (D.N.J. Nov. 12, 2019)); *see also Young v. S. Beach Bar & Grill Corp.*, 2023 WL 7001442, at *2 (D.N.J. Sept. 11, 2023) ("The striking of a pleading and entry of default may be an appropriate penalty for failure to comply with an order.").

"Instead of, or in addition to, the sanctions available under Rule 37(b)(2)(A) for failures to [] obey a discovery order or attend a deposition, Rule 37 also *requires* a court to order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless that failure was substantially justified or other circumstances make an award of expenses unjust." *Gambrell v. First Student*, 2017 WL 5465526, at *6 (D.N.J. June 2, 2017) (emphasis added) (citing Fed. R. Civ. P. 37(b)(2)(C) & (d)(3)); *see also* Fed. R. Civ. P. 16(f)(2). "'[S]ubstantially justified' . . . has been defined as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply." *Gambrell*, 2017 WL 5465526, at *6 (citing *Trowery v. O'shea*, 2015 WL 9587608, at *5 (D.N.J. Dec. 30, 2015)).

"The Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, set forth six factors a court must consider when determining whether to issue sanctions." *Ramada Worldwide Inc. v. Highend Hotel Grp. of Am., LLC*, 2022 WL 17730928, at *2 (D.N.J. Sept. 28, 2022) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 744 F.2d at 868. "No single *Poulis* factor is determinative and [sanctions] may be appropriate even if some of the factors are not met." *Shekia Grp., LLC v. Wholesale Cabinetry, LLC*, 2019 WL 2396791, at *2 (D.N.J. May 2, 2019), *report and recommendation adopted sub nom.*, 2019 WL 2396541 (D.N.J. June 6, 2019) (citing *Mindek v. Rigaitti*, 964 F.2d 1369, 1373 (3d Cir. 1992)); *see also Drozd v. Padron*, 2015 WL 507167, at *4 (M.D. Pa. Feb. 6, 2015) (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)) ("[N]ot every *Poulis* factor needs to be satisfied in order to enter default[.]").

### B. This Court Should Strike Defendant's Answer, Enter Default Against Her, and Order Her to Pay Costs Associated with the Receiver's Preparation for Her Deposition and this Motion

On balance, as explained in detail below, the *Poulis* factors weigh in favor of imposing all of the Receiver's requested sanctions against Defendant Jordan Denise.

### 1. Defendant's Personal Responsibility

"The first [*Poulis*] factor asks whether the party himself, as opposed to the party's counsel, bears personal responsibility for the action or inaction." *Cox v. UPS*, 753 F. App'x 103, 105 (3d Cir. 2018). "A finding that a party, and not solely its counsel, is responsible for a discovery violation will weigh in favor of default or dismissal." *Schindler Elevator Corp. v. Otis Elevator Co.*, 2011 WL 4594225, at *7 (D.N.J. Mar. 24, 2011), *report and recommendation adopted*, 2011 WL 4594958

(D.N.J. Sept. 30, 2011) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988)).

Courts have found the first *Poulis* factor weighs in favor of sanctions— including default or dismissal—where a party fails to communicate with their counsel, *see, e.g.*, *Garcia v. S&F Logistics*, 2022 WL 14228982, at *4 (E.D. Pa. Oct. 24, 2022) ("[T]he parties are personally responsible for their nonappearance and lack of communication. . . . Counsel for Defendants admit difficulties in establishing and maintaining communication . . . . Thus, this factor weighs in favor of Plaintiff's request for default."); *Sakhai v. Funding Am. Mortg. Corp.*, 2008 WL 11509803, at *2 (D.N.J. Jan. 16, 2008) (first *Poulis* factor weighed in favor of entering default against the defendants where their "counsel made and continues to make good faith efforts to communicate with Defendants, yet they have failed to participate in this litigation for the past several years."); *DirecTV, Inc. v. Needleman*, 2005 WL 8174792, at *2 (D.N.J. Aug. 10, 2005) (first *Poulis* factor weighed in favor of sanctions where "defense counsel asserts that he has been unable to contact Defendant" but noting that "Defendant's failure to communicate with counsel does not excuse Defendant of his obligations to comply with the rules of discovery and the directives of this Court"), and/or where a party fails to provide sufficient medical documentation substantiating claims that medical issues prevent them from complying with discovery obligations, *see, e.g.*, *In re Chandler*, 2018 WL 4354349,

at *5 (E.D. Pa. Sept. 12, 2018) ("Appellant's history of asserting a medical infirmity to avoid appearing at his depositions and trial justified the request for proof [of adequate medical documentation], and Appellant's failure to provide such proof is more than sufficient to support the Bankruptcy Judge's determination [that] the first *Poulis* factor" "favored the entry of default judgment"); *Drozd*, 2015 WL 507167, at *4 (first *Poulis* factor weighed in favor of sanctions because, "[d]espite [the defendant's] verbal explanation to his attorney" that a medical issue prevented him from attending his deposition, "this is not a case where we can find that [the defendant's] failure to comply with the Court's order removes his personal responsibility in that he provided no documentation of his medical problem or a medical excuse explaining his inability to attend the deposition."); *Toorzani v. Elmwood Park Bd. of Educ.*, 2011 WL 13238526, at *1 (D.N.J. May 19, 2011) (finding the plaintiff personally responsible for failing to attend her deposition and dismissing the action where "various issues, including [the plaintiff's] averments of illness, have been considered on multiple occasions by both [the] Magistrate Judge [] and this Court" and the plaintiff's "medical condition is entirely self-reported with the exception of one note from a doctor."); *Milligan v. Davidson*, 1996 WL 680134, at *6 (E.D. Pa. Nov. 19, 1996) (first *Poulis* factor weighed in favor of dismissal because "[i]t was plaintiff herself who failed to attend the[] scheduled [depositions and IMEs] without providing the Court and/or opposing party with any valid excuses

that were supported by actual facts. . . . the Court was never provided with an actual medical report that contained a physician's unqualified opinion that plaintiff could not participate in discovery.").

Here, Defendant is personally and solely responsible for her violation of the Court's September 21 Text Order and failure to appear for her deposition.  In letters filed with the Court on September 19 and November 17, 2023, Defendant's counsel detailed how Defendant has barely communicated with them over the past three months, despite their best efforts.  *See* ECF No. 56 at 12 ("Starting from around a month ago, [] counsel was unable to get through to Ms. Denise and did not hear back from her."); ECF No. 62 at 1 (explaining that after the Court's September 21 Text Order, "[d]efense counsel [] repeatedly attempted to contact Ms. Denise via email, texts, and telephone calls, both to schedule deposition and preparation dates and to discuss continuing settlement discussions" but "did not hear back from Ms. Denise for a full month.").  The few times Defendant has communicated with her counsel, she has only done so via sporadic text messages claiming that her purported medical conditions worsened and required hospitalization.  *See* ECF No. 62 at 1-2.  And despite Defendant's alleged attempt to obtain "another medical note[,]" *see id.* at 2, she has not provided any medical documentation proving that her purported medical

17

conditions[12] worsened nor any proof that she was hospitalized and, therefore, she has not provided any justifiable explanation for failing to appear for her deposition. *See McGinley v. Barratta*, 2008 WL 4601922, at *4 (E.D. Pa. Sept. 17, 2008), *report and recommendation adopted*, 2008 WL 4630548 (E.D. Pa. Oct. 15, 2008) (noting that for a defendant's alleged inability to attend their deposition due to "a medical issue, [the court] cannot rely solely on vehement statements made by [the defendant's] counsel.").

In light of the above—and because Defendant is clearly aware of the Receiver's attempts to depose her since May given her alleged participation earlier this year[13] and that she has cited unspecified medical conditions as preventing her from appearing for her previously-scheduled depositions on July 7, August 2, and August 31, *see* ECF No. 56 at 5, and then again on November 16 and November 17, *see* Ex. F—the first *Poulis* factor undoubtedly weighs in favor of imposing all of the Receiver's requested sanctions. *See Walsh*, 2022 WL 18027856, at *4 ("[D]efendant[ is] aware of [her] discovery obligations and the Court's orders and,

---

[12]    It is important to note that Defendant has *never* provided the Receiver with medical documentation that specifies her specific medical diagnoses or provides any reasonably specific detail as to what the medical conditions entail, the symptoms associated with the medical conditions, the treatments underwent or medications prescribed to mitigate the conditions, or a specific prognosis for the conditions. *See* ECF No. 56 at 5-6. The doctor notes that Defendant has previously provided to the Receiver have been incredibly brief and vague. *See* ECF No. 56 Exs. D-E, N.

[13]    *See* ECF No. 56 at 11 ("In his previous experience with Ms. Denise, the undersigned counsel had spoken to her on a weekly basis and had typically been able to set up appointments to speak with her within 24 hours.").

therefore, the responsibility for [her] failure to" appear for her deposition "and to comply with the Court's order[] rests squarely with [her].").

### 2. Prejudice to the Receiver

"Prejudice includes non-cooperation with discovery and costs expended in obtaining court orders to force compliance." *Id.* (citing *Adams v. Trs. of N.J. Brewery Emps. Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)); *see also Drozd*, 2015 WL 507167, at *5 (quoting *Briscoe*, 538 F.3d at 259) ("[P]rejudice often involves disputes between the parties on discovery matters because a party was 'deprived of necessary information or had to expend costs to obtain compliance.'"). Notably, "evidence of prejudice to an adversary [] bear[s] substantial weight in support of a dismissal or default judgment." *Karakozova v. Univ. of Pittsburgh*, 2010 WL 3829646, at *5 (W.D. Pa. Sept. 24, 2010) (citing *Adams*, 29 F.3d at 873-74).

As explained in—and demonstrated by—the numerous prior filings submitted to the Court, *see* ECF Nos. 19, 24, 26, 56, 62, the Receiver "has expended time and resources preparing a Complaint, serving discovery," submitting several filings to the Court since October of *last year* to compel Defendant's participation in fact discovery (including a prior motion to compel and for sanctions), preparing for Defendant's deposition, repeatedly rescheduling and re-noticing Defendant's deposition, "and [now] filing the instant motion." *Shekia*, 2019 WL 2396791, at *3. Defendant's history of failing to fully and meaningfully participate throughout fact

discovery, culminating in her failure to appear for her November 17 deposition, has wholly prejudiced the Receiver. *See Yancey v. Wal-Mart Corp.*, 2022 WL 972489, at *7 (D.N.J. Jan. 31, 2022) (finding the "[s]econd *Poulis* factor weighs heavily in favor of dismissal" where the "Plaintiffs' history of noncooperation in the discovery process is extensive," has "required Defendant to routinely seek Court Orders to force compliance[,]" and thus "reflects a long history of prejudice to Defendant."); *Karakozova*, 2010 WL 3829646, at *5 ("Defendant has suffered prejudice due to plaintiff's continual delay of proceedings, her disregard for the Court's Order, and her failure to attend her deposition."). Defendant's actions have likewise prejudiced the investors defrauded by Brenda Smith who the Receiver seeks to make whole— including through attempting to recover the $1,040,000.00 fraudulently transferred to and/or for the benefit of Defendants—particularly where the expenses for this litigation are being borne by the Receivership Estate. *See Walsh*, 2022 WL 18027856, at *4 (finding the second *Poulis* factor weighed in favor of sanctions because "[d]elays in the discovery process have resulted in prejudice not only to the Secretary but to the '1,500 employees who worked at 140-high end auto dealerships throughout New Jersey, New York, Connecticut, and Pennsylvania.'"); ECF No. 56 at 8.

Accordingly, the second *Poulis* factor weighs in favor of imposing all of the Receiver's requested sanctions.

### 3.    Defendant's History of Dilatoriness

For the third *Poulis* factor, "the Court 'must evaluate a party's problematic acts . . . over the life of the case.'" *Ross-Tiggett v. Reed Smith, LLP*, 2019 WL 4723356, at *7 (D.N.J. Aug. 7, 2019), *report and recommendation adopted as modified*, 2019 WL 4722439 (D.N.J. Sept. 26, 2019) (alteration in original) (quoting *Briscoe*, 538 F.3d at 261). "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Walsh*, 2022 WL 18027856, at *5 (quotations omitted) (quoting *Adams*, 29 F.3d at 874). Moreover, this Court has found the third *Poulis* factor weighs in favor of imposing sanctions where "[d]iscovery has been ongoing for a substantial time" due to a party's dilatoriness. *Id.*; *Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health & Life Ins. Co.*, 2023 WL 5979835, at *10 (D.N.J. Aug. 28, 2023) (Kiel, J.), *report and recommendation adopted*, 2023 WL 5985187 (D.N.J. Sept. 14, 2023).

"In this case, the [Receiver] need not recite the numerous instances of [Defendant's] dilatory conduct; the history of this litigation, as reflected in the record, speaks for itself." *Milligan*, 1996 WL 680134, at *7. As noted, numerous prior filings submitted to the Court show Defendant's dilatoriness since fact discovery commenced in July 2022, *see* ECF Nos. 19, 24, 26, 56, 62, as well as her violation of multiple Court Orders mandating her compliance with discovery

obligations. *See* ECF No. 19 (explaining Defendant's failure to produce discovery in violation of the Court's Pretrial Scheduling Order (ECF No. 14)); ECF No. 24 (explaining Defendant's failure to produce discovery in violation of the Court's November 1, 2022 Text Order (ECF No. 23)); ECF No. 62 (explaining Defendant's failure to appear for her deposition in violation of the Court's September 21, 2023 Text Order (ECF No. 58)).[14] Therefore, the third *Poulis* factor undoubtedly weighs in favor of imposing all of the Receiver's requested sanctions. *See Hampton Forge, Ltd. v. Descamps*, 2006 WL 469953, at *8 (D.N.J. Feb. 23, 2006) (finding that the defendants "demonstrated a history of dilatoriness" because they failed to appear for trial and "ha[d] been late or non-compliant in other respects as well[ d]uring discovery"); *see also In re Chandler*, 2018 WL 4354349, at *5 (finding the defendant's repeated failures to appear for his deposition "and repeated claims of medical issues without providing proof of his alleged medical condition(s) supports the finding of dilatoriness").

---

[14]     While Defendant may claim in opposition to the instant Motion that her purported medical conditions rendered her unable to appear for her November 17 deposition, this should not be given credence in light of Defendant's history of claiming inability to participate throughout fact discovery due to medical reasons, particularly the most recent 7-month saga of Defendant repeatedly claiming inability to appear for prior scheduled depositions—only days before the depositions—due to medical reasons, with no medical documentation substantiating her alleged inability to appear on November 17. *See Drozd*, 2015 WL 507167, at *8 ("Because of the last-minute timing and lack of substantiation of Defendant Variale's proffered excuse[] for missing the scheduled deposition[], his failure[] to appear cannot be considered an 'inability' to appear.").

### 4.    Defendant's Willful or Bad Faith Conduct

"The fourth *Poulis* factor considers whether the disputed conduct rises to the level of willful or bad faith." *Mercer v. Under Armour, Inc.*, 2017 WL 891769, at *4 (D.N.J. Feb. 3, 2017), *report and recommendation adopted*, 2017 WL 886969 (D.N.J. Mar. 6, 2017) (citing *Poulis*, 747 F.2d at 868). "Willfulness involves intentional or self-serving behavior[,]" and "[a] persistent failure to honor discovery orders may be viewed as a willful effort to evade discovery." *Huertas v. City of Philadelphia*, 2005 WL 226149, at *4 (E.D. Pa. Jan. 26, 2005), *aff'd*, 139 F. App'x 444 (3d Cir. 2005) (quotations and citations omitted). Even "where the record remains unclear, 'a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful[.]'" *Mercer*, 2017 WL 891769, at *4 (quoting *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012)).

While Defendant's counsel has asserted that Defendant was unable to appear for her November 17 deposition due to the purported worsening of her medical conditions, Defendant has never explicitly told her counsel that she could not—or would not—appear; she only sent her counsel a few text messages regarding her medical conditions and that she was purportedly attempting to obtain another doctor's note. *See* ECF No. 56 at 12; ECF No. 62 at 1-2. Defendant has not otherwise communicated with her counsel for the past three months. *See* Section

23

III.B.1, *supra* (citing ECF No. 56 at 12; ECF No. 62 at 1). This conduct, Defendant's violation of multiple Court orders throughout fact discovery, and the lack of any medical documentation substantiating an inability to appear for the November 17 deposition, "when viewed together, demonstrate[s] that Defendant[] ha[s] acted willfully." *Young*, 2023 WL 7001442, at *4. "The only person benefited by this conduct is [Defendant], who has effectively suspended [the Receiver's] ability to conduct discovery." *Arpaio v. Dupre*, 2015 WL 9269981, at *9 (D.N.J. Sept. 9, 2015), *report and recommendation adopted*, 2015 WL 9273920 (D.N.J. Dec. 18, 2015) (finding fourth *Poulis* factor weighed in favor of sanctions). The fourth *Poulis* factor thus weighs in favor of imposing all of the Receiver's requested sanctions.

### 5.    Effectiveness of Alternative Sanctions

"The fifth *Poulis* factor, which examines the efficacy of alternative, lesser sanctions, also weighs in favor of granting [the Receiver's] motion" and imposing the requested sanctions of (1) striking Defendant's Answer, (2) entering default against Defendant, and (3) ordering her to pay the costs associated with the Receiver's preparation for her deposition and this Motion. *Harri-Das v. Singh*, 2021 WL 11959606, at *3 (D.N.J. Jan. 28, 2021).

Several courts, including this Court, have found such sanctions appropriate when faced with circumstances similar to the instant action. *See, e.g.*, *id.* (striking the defendants' answers and directing clerk to enter default as appropriate sanctions

where the defendants violated two court orders regarding their discovery obligations and "appear[ed] to have disengaged from this case at some point, depriving Plaintiff of the opportunity to obtain necessary discovery"); *Walsh*, 2022 WL 18027856, at *5 (Kiel, J.) (striking the defendants' answers and entering default appropriate given the "standstill in discovery" and the defendants' "failure to comply with the Court's orders"); *Drozd*, 2015 WL 507167, at *9 (default judgment appropriate given the defendants' history of noncompliance with court-ordered discovery obligations and their scant communications with counsel); *W. Coast Quartz Corp. v. M.E.C. Tech, Inc.*, 2017 WL 1944197, at *2 (D.N.J. May 9, 2017) ("[T]he appropriate sanction for the Defendant's failure to comply with a court order and failure to defend[] against [the plaintiff's] claims is striking [the defendant's] Answer and entering default against the Defendant.").

Moreover, "alternative sanctions would not effectively promote compliance by [Defendant] nor cure the prejudice to [the Receiver]." *Coastal Mart, Inc. v. Johnson Auto Repair, Inc.*, 196 F.R.D. 30, 35 (E.D. Pa. 2000). Defendant may suggest a stay of proceedings as an alternative sanction[15] so she can eventually appear for her deposition at some future unspecified date, but "staying the proceedings would be wholly inappropriate because such an order would only serve to further the delay caused by [ D]efendant[] in the first place." *Id.*; *see also Huertas*,

---

[15]    *See* Fed. R. Civ. P. 37(b)(2)(A)(iv).

2005 WL 226149, at *4 ("[S]taying further proceedings until Plaintiff appears at his deposition. . . . is more likely to harm Defendants by forcing them to spend time and money toward attempting to depose Plaintiff for a sixth time. Additionally, there is no indication from Plaintiff that he would abide by the Court's order and attend the deposition.").

Simply put, the fifth *Poulis* factor supports imposing the Receiver's requested sanctions over any other alternative sanctions.

### 6. Meritoriousness of the Claim or Defense

While this Court has expressed difficulty determining the meritoriousness of claims or defenses where "litigation has not proceeded beyond written discovery" and "[n]o depositions have been taken[,]" it has made clear that a claim "'will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]'" *Walsh*, 2022 WL 18027856, at *5-6 (quoting *Poulis*, 747 F.2d at 869-70). On this basis, the Court can find this *Poulis* factor weighs in favor of sanctions because "the allegations in the complaint, if true, support recovery by the" Receiver on his fraudulent transfer claim. *Id.* at *6. Brenda Smith's guilty plea, *see* Compl. ¶ 5, conclusively establishes that her transfers of Receivership Assets to and/or for the benefit of Defendants were made with the actual intent to hinder, delay, and/or defraud the Receivership Parties' creditors and/or debtors and were therefore fraudulent and voidable under 12 Pa.C.S. §

5104(a)(1).[16]   At the same time, Defendant Jordan Denise has not raised any Affirmative Defenses in this action, *see* ECF No. 8, so there are no defenses for which the merits can be assessed.

Even if the Court cannot determine the meritoriousness of the Receiver's claims, it can still grant the instant Motion and impose the Receiver's requested sanctions because "[t]he *Poulis* test is a balancing test, and thus not all of the factors need to weigh in favor of sanctions." *Harri-Das*, 2021 WL 11959606, at *4 ("On balance, the Court finds that the *Poulis* factors weigh in favor of striking Defendants' pleadings."); *see also Young*, 2023 WL 7001442, at *4 ("The Court is unable to determine the meritoriousness of the issues in this case based on the record. Nonetheless, . . . the majority of *Poulis* factors weigh in favor of striking the Answer."); *W. Coast Quartz*, 2017 WL 1944197, at *3 (striking the defendant's answer and entering default "[a]fter weighing the *Poulis* factors"); *Shekia*, 2019 WL

---

[16]    *See Scholes v. Lehman,* 56 F.3d 750, 762 (7th Cir. 1995) (affirming summary judgment for receiver and holding that district court did not err in relying on Ponzi scheme operator's guilty plea to establish fraudulent intent); *Emerson v. Naples (In re Mark Benskin & Co.),* 161 B.R. 644, 648 (Bankr. W.D. Tenn. 1993), *aff'd,* 1995 WL 381741 (6th Cir. June 26, 1995) ("The debtors' intent to defraud creditors was established by the guilty pleas to the related criminal charges and preclusive effect may be given to those guilty pleas as factual findings to the extent that the debtors' intent to defraud creditors is required in this adversary proceeding"); *In re Manhattan Inv. Fund Ltd.,* 397 B.R. 1, 12 (S.D.N.Y. 2007) (holding that the "Ponzi scheme presumption" that establishes "actual intent" to defraud as a matter of law applied where the debtor pled guilty to securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5); *In re McCarn's Allstate Fin., Inc.,* 326 B.R. 843, 851 (Bankr. M.D. Fla. 2005) (holding, where the debtor pled guilty to committing securities fraud in violation of 15 U.S.C. § 78j(b) and committing wire fraud in violation of 18 U.S.C. § 1341, that the guilty pleas establish an intent to defraud).

2396791, at *3 (finding the first five *Poulis* factors weighed in favor of "striking Defendants' pleading and entering default").

Accordingly, this Court should find that the *Poulis* factors weigh in favor of sanctioning Defendant Jordan Denise by (1) striking her Answer, (2) entering default, and (3) ordering her to pay the costs associated with the Receiver's preparation for her deposition and this Motion.

### C. In the Event Defendant Makes Herself Available for a Deposition Before the Court Rules on this Motion, She Should Still Be Ordered to Pay the Costs Associated with the Receiver's Preparation of this Motion

In the unlikely event that Defendant makes herself available for a deposition before the Court rules on this Motion, the Court should still sanction her pursuant to Federal Rules of Civil Procedure 16(f)(2) and 37(d)(3) and order her to pay the costs associated with the Receiver's preparation of this Motion.

"[O]nce a motion for sanctions has been made, 'the delinquent party cannot avoid the sanctions by then [providing the discovery] that would have been [provided] earlier." *Penn-Field Precision, Inc. v. Gen. Plating Corp.*, 1986 WL 819, at *4 (E.D. Pa. Jan. 14, 1986) (quoting *Antico v. Honda of Camden*, 85 F.R.D. 34, 36 (E.D. Pa. 1979)). "Although the court may consider the belated [discovery] in determining what sanction, if any, to impose, the rule does not become inapplicable because [discovery is provided] in the interim between the filing of the motion for sanctions and the hearing on the motion." *Id.* (quotations omitted) (quoting *Antico*,

28

85 F.R.D. at 36). Indeed, given the Receiver's extensive efforts to compel Defendant's participation throughout the entirety of fact discovery in this action, Defendant should not be able to avoid sanctions outright by making herself available for a deposition *after* the Receiver has gone through considerable effort drafting and preparing this Motion. This Court has already allowed Defendant to evade sanctions once before when it terminated the Receiver's first motion for sanctions[17] due to Defendant's promise of providing outstanding discovery responses. *See* ECF No. 44. Defendant should not be given a second bite at the apple.

Accordingly, the Court should still grant the instant Motion and order Defendant to pay the costs associated with the Receiver's preparation of this Motion even if Defendant makes herself available for a deposition in the coming months.

## IV.    CONCLUSION

For the reasons set forth above, the Receiver respectfully requests that the Court grant his Motion and impose the following sanctions against Defendant: (1) strike Defendant's Answer to the Complaint (ECF No. 8); (2) enter default against Defendant; (3) order Defendant to pay the costs associated with the Receiver's preparation of Defendant's deposition; and (4) order Defendant to pay the costs associated with the Receiver's preparation of the instant Motion.

---

[17]    *See* ECF No. 26.

Respectfully submitted,

Dated: December 6, 2023

*/s/ Robin S. Weiss*
Robin S. Weiss, Esquire
Vanessa L. Huber, Esquire
Clark Hill PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8500
Facsimile: (215) 640-8501
rsweiss@clarkhill.com
vhuber@clarkhill.com

*Attorneys for Plaintiff,*
*Kevin Dooley Kent, Receiver*