# EXHIBIT 2

USAO2019R00353/CRM/AM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon.   Madeline Cox Arleo |
| | : |
| | : Criminal No. 20- 475 |
| v. | : |
| | : 18 U.S.C. §§ 1343 and 2 |
| | : 15 U.S.C. §§ 78j(b) and 78ff |
| BRENDA SMITH | : 17 C.F.R. § 240.10b-5 |

## **INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### **COUNTS ONE THROUGH SIX**
(Wire Fraud)

### **Relevant Individuals and Entities**

1.    At all times relevant to this Indictment:

a.    Defendant BRENDA SMITH was a resident of Philadelphia, Pennsylvania.  SMITH managed and controlled Broad Reach Capital, LP ("Broad Reach Capital"), a purported investment fund.

b.    Broad Reach Partners, LLC was the general partner of Broad Reach Capital and was owned and controlled by SMITH.

c.    Bristol Advisors, LLC was a registered investment advisor that provided investment advisory services to Broad Reach Capital and was owned and controlled by SMITH.

d.    Broad Reach Capital was purported to be a pooled investment fund/hedge fund that was established in or around February 2016.

Broad Reach Capital was open to accredited investors with a minimum investment of $1 million.

e. "Victim 1" was a limited partnership investment fund with a principal place of business in Montreal, Canada. Victim 1 was an investor and Limited Partner in Broad Reach Capital.

f. "Victim 2" was an individual residing in Florida. Victim 2 controlled a trust that was an investor and Limited Partner in Broad Reach Capital.

## The Scheme to Defraud

2. Beginning at least as early as in or around February 2016 through in or around August 2019, in the District of New Jersey and elsewhere, defendant

### BRENDA SMITH

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud Victim 1, Victim 2, and others (the "Victim Investors"), and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth below.

## Goal of the Scheme to Defraud

3. The goal of the scheme was for SMITH to fraudulently induce individuals and entities into investing money in Broad Reach Capital by making material misrepresentations and omissions.

2

## Manner and Means of the Scheme to Defraud

4.      It was part of the scheme to defraud that:

a.      SMITH misrepresented to investors that she would invest their funds in particular trading strategies that Broad Reach Capital was allegedly optimally situated to execute. SMITH referred to these strategies as dividend capture, VIX Convergence, and opportunistic trading (the "Trading Strategies"). Instead of investing the money as SMITH advertised, she diverted tens of millions of dollars of investor funds out of Broad Reach Capital for purposes inconsistent with the Trading Strategies, including for personal use and to pay out millions of dollars to other investors.

b.      SMITH misrepresented the success and performance of Broad Reach Capital to investors and prospective investors. SMITH touted Broad Reach Capital as a trade-focused investment fund that was highly liquid and employed a robust risk management program. SMITH distributed written materials about Broad Reach Capital to investors and prospective investors that included purported historical performance information, such as claimed annual returns of over 33% in 2017 and positive monthly returns in 2018. In fact, the total cash and securities in the Broad Reach Capital bank and brokerage accounts decreased from approximately December 2016 through June 2019. Specifically, for example, the written materials claimed that Broad Reach Capital had a 1.76% return in February 2018 when in reality, Broad Reach Capital's brokerage accounts lost over approximately 50% of their value in February 2018.

c.      To lull investors and induce them to continue investing, SMITH provided monthly account statements to investors that falsely showed that their investments were safe and earning significant returns.

d.      To induce Victim 1 into investing, SMITH falsely represented that she was personally invested in Broad Reach Capital and provided a fictitious account statement that was created in response to Victim 1's request for proof of SMITH's investment.

e.      Based on her misrepresentations and omissions, SMITH collected more than approximately $68 million of cash into Broad Reach Capital from approximately 40 investors.  At its peak, however, the value of cash and securities in the Broad Reach Capital bank and brokerage accounts did not exceed approximately $32 million.

f.      SMITH transferred tens of millions of dollars out of Broad Reach Capital to entities she controlled for purposes inconsistent with the Trading Strategies, including more than approximately $10 million for mineral mining operations and approximately $2 million for American Express credit card bills.

g.      When Victim Investors requested redemption of their investments, SMITH diverted other Victim Investors' funds to pay the requested redemption amounts.

h.      When confronted with a redemption request by Victim 1 in or around March 2019 for 100% of Victim 1's capital account—over approximately $46 million according to Broad Reach Capital account

4

statements—SMITH provided a series of shifting excuses and explanations for the lack of redemption. Ultimately, SMITH failed to honor the redemption request.

    i.  Beginning in or around July 2019, SMITH provided investors with a one-page typed document entitled "Broad Reach Capital LP, Listing of Assets, Valued as of June 30, 2019" (the "Asset List"), claiming that Broad Reach Capital's assets were valued at over $180 million. As of on or about June 30, 2019, however, the value of cash and securities in the Broad Reach Capital brokerage and bank accounts was only approximately $700,000. According to SMITH's Asset List, the vast majority of Broad Reach Capital's assets were in an HSBC bond with a face value of approximately $2.5 billion that SMITH falsely claimed one of her entities owned. Despite her representations to investors that their funds were invested in the Trading Strategies, the Asset List stated that only approximately $2.6 million were in brokerage account(s). This too was fabricated, as the value of cash and securities in the Broad Reach Capital brokerage accounts as of June 30, 2019 was only approximately $650,000.

    5.  On or about the dates set forth below, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, in the District of New Jersey and elsewhere, defendant

**BRENDA SMITH**

knowingly transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, the following

5

writings, signs, signals, pictures, and sounds, each constituting a separate count of this Indictment.

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| One | December 20, 2016 | Interstate wire related to wire transfer of $4,800,000 fraudulently obtained from Victim 2 |
| Two | December 21, 2016 | Interstate wire related to wire transfer of $800,000 fraudulently obtained from Victim 2 |
| Three | December 26, 2018 | Interstate wire related to wire transfer of $2,049,000 fraudulently obtained from Victim 1 |
| Four | December 27, 2018 | Interstate wire related to wire transfer of $236,000 fraudulently obtained from Victim 1 |
| Five | January 29, 2019 | Interstate wire related to wire transfer of $2,000,000 fraudulently obtained from Victim 1 |
| Six | January 31, 2019 | Interstate wire related to wire transfer of $225,000 fraudulently obtained from Victim 1 |

In violation of Title 18, United States Code, Section 1343 and Title 18, United States Code, Section 2.

6

## COUNT SEVEN
(Securities Fraud)

1.      The allegations contained in paragraphs 1, 3, and 4 of Count One are incorporated as if fully set forth herein.

2.      From at least as early as in or around February 2016 through in or around August 2019, in the District of New Jersey and elsewhere, defendant

### BRENDA SMITH

willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, BRENDA SMITH engaged in a scheme to commit securities fraud regarding interests in Broad Reach Capital, LP.

In violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

7

## FORFEITURE ALLEGATIONS

1.      As the result of committing the offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Counts One through Seven, inclusive, of this Indictment, defendant BRENDA SMITH shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property traceable thereto.

## SUBSTITUTE ASSETS PROVISION

2.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a.      Cannot be located upon the exercise of due diligence;
>
> b.      Has been transferred or sold to, or deposited with, a third person;
>
> c.      Has been place beyond the jurisdiction of the Court;
>
> d.      Has been substantially diminished in value; or
>
> e.      Has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as

incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of

the defendant up to the value of the above forfeitable property.

A TRUE BILL

Grand Jury Foreperson

CRAIG CARPENITO
UNITED STATES ATTORNEY

9

CASE NUMBER: **20-** 475 (MCA)

# United States District Court
# District of New Jersey

### UNITED STATES OF AMERICA

**v.**

### BRENDA SMITH

## INDICTMENT FOR

**18 U.S.C. §§ 1343 and 2**
**15 U.S.C. §§ 78j(b) and 78ff**
**17 C.F.R. § 240.10b-5**



CRAIG CARPENITO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

CATHERINE R. MURPHY
ANDREW MACURDY
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
(973) 645-2700