# EXHIBIT 4

1

1       IN THE UNITED STATES DISTRICT COURT

2           FOR THE DISTRICT OF NEW JERSEY

3

4   UNITED STATES OF AMERICA      :      Criminal No.
                                         20-cr-475-MCA
5                   v.            :
                                         TRANSCRIPT OF
6   BRENDA SMITH,                 :       GUILTY PLEA

7               Defendant.   :
    -----------------------------x

8

9                                      Via Zoom Videoconference
                                       September 9, 2021

10

11

12

13

14

15   BEFORE:

16         THE HON. MADELINE COX ARLEO, U.S.D.J.

17

18

19

20                                     Reported by:
                                       CHARLES P. McGUIRE, C.C.R.
21                                     Official Court Reporter

22

23

24   Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription.

25

2

1    APPEARANCES:

2        CATHERINE MURPHY, Assistant United States Attorney
         970 Broad Street
3        Newark, New Jersey 07102
         On behalf of the Government

4
         KEVIN CARLUCCI, Assistant Federal Public Defender
5        1002 Broad Street
         Newark, New Jersey 07102
6        On Behalf of the Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1          (The following takes place via Zoom teleconference)

2          (Defendant present)

3                THE COURT:  All right.  Good afternoon, everyone.

4                We're here on the record for a plea in the matter

5     of United States v. Brenda Smith.

6                Can I have appearances, please?

7                MS. MURPHY:  Good afternoon, Your Honor.

8                Catherine Murphy, Assistant United States

9     Attorney, on behalf of the Government.

10                THE COURT:  Okay.

11                MR. CARLUCCI:  Good afternoon, Your Honor.

12                Kevin Carlucci, Assistant Federal Public Defender,

13     on behalf of Ms. Smith.

14                THE COURT:  All right.  Before we begin today, I'd

15     like to state for the record that we are in the midst of the

16     Covid-19 pandemic.  I'm conducting this proceeding pursuant

17     to the authority granted by the CARES Act and standing

18     orders of our Court.

19                Counsel and Ms. Smith are appearing before me via

20     videoconference.  This line is also open to the Court and

21     press on a listen-only basis.

22                Before commencing the plea, I want to make sure

23     everyone can see and hear me, so I'll take a roll call.

24                My Court Reporter, Charles McGuire?

25                MR. McGUIRE:  Yes, Your Honor, I can see and hear.

4

1    Thank you.

2              THE COURT:  Okay.  Ms. Murphy?

3              MS. MURPHY:  Yes, Your Honor.  Thank you.

4              THE COURT:  And Mr. Carlucci?

5              MR. CARLUCCI:  Yes, Your Honor.

6              THE COURT:  Ms. Smith?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  And Amy Andersonn, my Deputy Clerk?

9              THE COURT CLERK:  Yes, Your Honor.

10             THE COURT:  All right.  If at any point, Ms.

11   Smith, you can't hear, or you need to speak privately with

12   Mr. Carlucci, just let me know.  I'm happy to put you in a

13   private Zoom breakout room, and if you want to stop at any

14   time, just let me know.  I'm happy to adjourn it and bring

15   you in for an in-person conference.

16             So, before we go further, I want to make sure that

17   you fully consent to proceeding by Zoom, and before I do

18   that, I'm going to have Amy place you under oath.  So if you

19   could just raise your right hand.

20             B R E N D A   S M I T H, the Defendant, affirmed.

21             THE COURT CLERK:  Please state your full name for

22   the record.

23             THE DEFENDANT:  Brenda Ann Smith.

24             THE COURT:  Okay.  Thank you.

25             Well, as I said before, under normal

5

1   circumstances, everyone would be in my courtroom, but to

2   avoid the spread of Covid-19, and having assured -- you can

3   take your hand down, Ms. Smith -- and having assured myself

4   that everyone can see and hear, I would like to assure

5   myself that Ms. Smith consents to proceeding in this

6   fashion.

7              Ms. Smith, have you discussed with your lawyer the

8   issue of you participating in today's conference by video?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  And how did those conversations take

11  place:  By phone, in person, or via Zoom?

12             THE DEFENDANT:  In person.

13             THE COURT:  All right.  And although it is unclear

14  when the pandemic will end, you do have the right to conduct

15  this proceeding in the courthouse.

16             Do you still wish to proceed by Zoom?

17             THE DEFENDANT:  I do, Your Honor.

18             THE COURT:  Okay.  Are you satisfied that you've

19  had enough time to consult with Mr. Carlucci about the issue

20  of you participating today by Zoom?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Do you consent to proceed by

23  videoconference?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Okay.

6

1          Mr. Carlucci, any reason why we should not proceed

2     by videoconference?

3          MR. CARLUCCI:  No, Your Honor.

4          THE COURT:  All right.  I find that Ms. Smith has

5     knowingly and voluntarily agreed to participate in today's

6     proceeding via videoconference.  I am formally accepting her

7     consent.

8          So let's go over the documents that are at issue

9     in this case.

10          Let's start with the plea agreement.  Amy is going

11     to pull it up on the screen.

12          (The document was displayed.)

13          THE COURT:  It is dated July 27th, 2021.  It's

14     encaptioned "Plea Agreement With Brenda Smith."  It's up on

15     the screen right now, and I'm going to ask Amy to scroll

16     down.  It's from Ms. Murphy, directed to Mr. Carlucci.

17          And if we can just scroll down to page seven.

18          Ms. Smith, is that your signature on page seven?

19          THE DEFENDANT:  It is, Your Honor.

20          THE COURT:  Did you sign it on August 13th of

21     2021?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Did you have a chance to read it

24     before you signed it?

25          THE DEFENDANT:  Yes, I did.

CHARLES P. McGUIRE, C.C.R.

7

1          THE COURT:  And did you have a chance to review it

2    with your attorney before you signed it?

3          THE DEFENDANT:  Yes, I did.

4          THE COURT:  Okay.  Thank you.

5          All right.  So, then, let's look at the Rule 11

6    form.  It's called Application For Permission to Enter a

7    Guilty Plea, if Amy can pull that up on the screen.

8          (The document was displayed.)

9          THE COURT:  Ms. Smith, do you recognize this

10   document?

11         THE DEFENDANT:  I do, Your Honor.

12         THE COURT:  Did you fill out this -- whose

13   handwriting completed this document?  Was it Mr. Carlucci?

14         THE DEFENDANT:  Mr. Carlucci.

15         THE COURT:  Okay.  Did you have a chance to review

16   this document with Mr. Carlucci before you signed it?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  And is that your signature on page

19   seven?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Did you sign this in person on

22   September 3rd, 2021?

23         THE DEFENDANT:  Yes, I did.

24         THE COURT:  And then finally, I want to show you

25   the indictment, if we can bring that up.

8

1                    (The document was displayed.)

2                    THE COURT:  Do you recognize this document?

3                    THE DEFENDANT:  I do, Your Honor.

4                    THE COURT:  This is the document that charges you

5       with criminal wrongdoing.  Did you have a chance to review

6       this document with Mr. Carlucci?

7                    THE DEFENDANT:  Yes, Your Honor.

8                    THE COURT:  Okay.  Do you understand the charges

9       that were filed against you?

10                   THE DEFENDANT:  Yes.

11                   THE COURT:  Okay.  All right.

12                   Okay.  So let me just begin with some background

13      questions.

14                   Ms. Smith, do you understand that you are now

15      under oath, and if you answer any of my questions falsely,

16      they could later be used against you in a prosecution for

17      perjury?

18                   THE DEFENDANT:  Yes, Your Honor.

19                   THE COURT:  All right.  Your full name and

20      background?

21                   I'm sorry, strike that.

22                   Your full name and age?

23                   THE DEFENDANT:  Brenda Ann Smith; 61 years old.

24                   THE COURT:  And how far did you go in school?

25                   THE DEFENDANT:  I have a Bachelor of Science in

9

1    accounting.

2              THE COURT:  Okay.  I take it, then, you have no

3    problem at all reading and writing English?

4              THE DEFENDANT:  No, Your Honor.

5              THE COURT:  Okay.  Have you ever been treated for

6    mental illness or addiction to narcotic drugs?

7              THE DEFENDANT:  No, Your Honor.

8              THE COURT:  Have you had any drugs, including

9    medicine, within the last 24 hours?

10             THE DEFENDANT:  No, Your Honor.

11             THE COURT:  Have you had any alcohol within the

12   last 12 hours?

13             THE DEFENDANT:  No, Your Honor.

14             THE COURT:  Okay.  Your oath obligates you to

15   provide me with truthful answers.  If you don't understand a

16   question, let me know.  I'm happy to rephrase it.

17             All right.  Let's go over the jury trial elements

18   you'll be waiving by entering this plea today.

19             Do you understand that you have a right to plead

20   not guilty, and at a trial, you would have the right to

21   assistance of counsel in your defense?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Do you understand that you would have

24   the right to see and hear all the witnesses and have them

25   cross-examined?

10

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand that you have the

3    right on your own part to decline to testify unless you

4    voluntarily elected to do so?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  And you have the right to issue

7    subpoenas to compel witnesses to testify in your behalf.  Do

8    you understand that?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  And at the trial, you would have the

11   benefit of the presumption of innocence.  That means that I

12   would instruct the jury that you are presumed innocent, and

13   that would continue until such time, if ever, that a

14   unanimous jury found you guilty beyond a reasonable doubt.

15   Do you understand that?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  And at trial, you no burden of proving

18   anything.  That burden rests with the Government to prove

19   each and every element of the crimes charged beyond a

20   reasonable doubt.  Do you understand that?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  And that you have the right to counsel

23   at trial and on appeal, if necessary.

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  And do you understand that by entering

11

1    this plea today, there will be no trial, and all those

2    rights will be waived?

3                THE DEFENDANT:  Yes, Your Honor.

4                THE COURT:  Okay.  Are you a United States

5    citizen, Ms. Smith?

6                THE DEFENDANT:  Yes, Your Honor.

7                THE COURT:  Well, out of an abundance of caution,

8    I'm just going to advise you that if you're not a United

9    States citizen that this guilty plea could result -- would

10   likely result in your deportation from this country.  Do you

11   understand that?

12               THE DEFENDANT:  Yes, Your Honor.

13               THE COURT:  Okay.  We went over the plea agreement

14   a minute ago.  If Ms. Murphy could summarize it for the

15   record.

16               MS. MURPHY:  Certainly, Your Honor.

17               The plea agreement here provides that if Ms. Smith

18   enters a guilty plea and is sentenced on Count Seven of the

19   indictment and otherwise fully complies with all the terms

20   of the plea agreement, the U. S. Attorney's Office for the

21   District of New Jersey will not initiate any further

22   criminal charges against Ms. Smith for the securities fraud

23   scheme related to Broad Reach Capital described in the

24   indictment between in or around February 2016 through in or

25   around August 2019, and at the time of sentencing in this

12

1 matter will move to dismiss Counts One through Six of the

2 indictment.

3    The proposed plea also contains a Schedule A with

4 certain stipulations, including an agreed total Guidelines

5 offense level.

6    THE COURT:  Is that an accurate summary,

7 Ms. Smith, of the plea agreement between you and the

8 United States?

9    THE DEFENDANT:  Yes, Your Honor.

10    THE COURT:  Do you feel that with the explanations

11 and advice of your counsel that you understand all the terms

12 of the plea bargain?

13    THE DEFENDANT:  Yes, Your Honor.

14    THE COURT:  Do you have any questions about it?

15    THE DEFENDANT:  No, Your Honor.

16    THE COURT:  Has anyone made any promises or

17 assurances to force you or induce you to plead guilty?

18    THE DEFENDANT:  No, Your Honor.

19    THE COURT:  Are you pleading guilty of your own

20 free will?

21    THE DEFENDANT:  Yes, Your Honor.

22    THE COURT:  Do you understand that you're pleading

23 to a felony, and if that plea is accepted, that plea may

24 deprive you of valuable civil rights, such as the right to

25 vote, the right to hold public office, the right to serve on

13

1    a jury, and the right to possess a firearm?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  If the Court accepts your guilty plea,

4    all that will be left will be sentencing, so let me go over

5    with you the maximum penalties under the statute.

6           The violation of 15, United States Code, 78j(b) --

7    that's the felony with which you're charged -- carries the

8    following penalties:  A maximum term of 20 years'

9    imprisonment, a statutory maximum fine of $5 million.  In

10   addition, fines in excess of $2,500 are subject to interest.

11          Under 18 U.S.C. 1331, there will also be a

12   hundred-dollar special assessment due at sentencing.

13          The Court may order you to give notice to any

14   victims.

15          The Court may impose a term of supervised release

16   of not more than three years.  If you're on supervised

17   release and you violate, you can be sentenced to two

18   additional years' imprisonment.

19          Do you understand that?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  All right.  So, those are the maximum

22   penalties that you face, but I want to go over with you how

23   the Court will actually determine the appropriate sentence

24   for you.

25          Do you understand that, pursuant to the Sentencing

14

1    Reform Act, there are Guidelines to assist the Court in

2    determining the appropriate sentence in a criminal case?

3                    THE DEFENDANT:  Yes, Your Honor.

4                    THE COURT:  And do you understand that in fixing

5    that sentencing range, the Court determines what your

6    offense level is and what your criminal history is, and that

7    places you within a sentencing range?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  And that to determine that range, the

10   Court will consider the actual conduct in which you engaged,

11   consider whether there was a victim, the role that you

12   played, whether you have obstructed justice, and whether you

13   have accepted responsibility?  Do you understand that?

14                   THE DEFENDANT:  Yes, Your Honor.

15                   THE COURT:  Okay.  And the Court will also

16   consider your criminal history in determining the sentence

17   range.

18                   THE DEFENDANT:  Yes, Your Honor.

19                   THE COURT:  And do you understand that I have in

20   certain limited and specific circumstances the right to

21   depart from the sentencing range and impose a sentence

22   greater than or less than the recommended range?

23                   THE DEFENDANT:  Yes, Your Honor.

24                   THE COURT:  But do you understand that in any

25   event, I can never sentence you to greater than the

15

1    statutory maximum?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  And do you understand that until a

4    presentence report is completed, it would be impossible for

5    me or your lawyer or anyone else to know precisely what

6    range will be required by the Guidelines?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  And do you understand that it may be

9    necessary to resolve disputed issues of fact that are

10   contained in that presentencing report that may affect your

11   Guideline range and your sentence?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Have you discussed these issues with

14   your attorney, Mr. Carlucci?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  Has he made any prediction or promises

17   about the exact sentencing range and the sentence that you

18   will receive?

19           THE DEFENDANT:  No, Your Honor.

20           THE COURT:  Okay.  Do you understand that it would

21   be impossible for him or you or me or anyone to know exactly

22   what range applies until the presentence report is

23   completed, we have a hearing, if there's any disputed

24   issues, and everyone has an opportunity to be heard at that

25   hearing?

16

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And do you understand that you will

3    not be able to withdraw your plea on the grounds that

4    someone's prediction as to your sentencing range or your

5    sentence proved to be wrong?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Okay.  Do you understand that any

8    stipulations between you and the Government are not binding

9    on me at sentencing if I'm persuaded that they are not

10   accurate?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Okay.

13         All right.  Let's talk about what happens on an

14   appeal after this plea.

15         Do you understand that in the absence of a waiver,

16   the law permits every defendant, such as yourself, to file

17   an appeal if you believe there has been an error or a

18   mistake?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Do you understand that in the absence

21   of a waiver, you have a right if you believe there's been an

22   error to file a challenge to your conviction under 28 U.S.C.

23   2255?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Do you understand as set forth in your

CHARLES P. McGUIRE, C.C.R.

17

1    plea if I impose a sentence that falls within or below the

2    Guideline range applicable to offense level 30, you cannot

3    file an appeal, a petition, or any other challenge to your

4    sentence?

5                THE DEFENDANT:  Yes, Your Honor.

6                THE COURT:  Do you understand that your plea only

7    allows you to challenge your sentence if I impose a sentence

8    that is above the range applicable to offense level 30 or to

9    challenge your criminal history category?

10               THE DEFENDANT:  Yes, Your Honor.

11               THE COURT:  Do you understand that the United

12   States cannot appeal if your sentence is within or above the

13   range resulting from offense level 30?

14               THE DEFENDANT:  Yes, Your Honor.

15               THE COURT:  Do you understand that no provision of

16   this plea would stop you or preclude you from filing, if

17   appropriate, an appeal or an attack or a motion claiming you

18   received constitutionally ineffective assistance of counsel?

19               THE DEFENDANT:  Yes, Your Honor.

20               THE COURT:  Did you discuss these issues with your

21   attorney?

22               THE DEFENDANT:  Yes, Your Honor.

23               THE COURT:  Are you satisfied with the explanation

24   that your attorney provided?

25               THE DEFENDANT:  Yes, Your Honor.

18

1          THE COURT:  Are you satisfied with the legal

2     advice given to you by your attorney in this case?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  All right.  So, let's talk about what

5     you're pleading guilty to and what the Government would have

6     to prove if it went to trial.

7          So, you have agreed to enter a plea of guilty to

8     Count Seven of the indictment, which charges you with

9     securities fraud, in violation of Federal law.

10          And this is what -- it's a 10b violation, what

11     you're charged with, and this is what the Government would

12     have to prove if you went to trial, three things:  That in

13     connection with the purchase and sale of a security, you

14     employed a device, scheme, or artifice to defraud, or

15     engaged in a course of conduct that operated, or would

16     operate, as a fraud or deceit upon a purchaser or seller of

17     the security; second, you participated in a scheme knowingly

18     and willfully and with the intent to defraud; and that you

19     knowingly used or caused to be used an instrumentality of

20     interstate commerce or used or caused to be used a facility

21     of a national securities exchange in further of a scheme to

22     defraud.

23          Do you understand that?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Okay.

CHARLES P. McGUIRE, C.C.R.

19

1    Ms. Murphy, would you like to put the factual

2    basis for the plea on the record?

3    MS. MURPHY:  Certainly, Your Honor.

4    Ms. Smith, from in or around February 2016 through

5    in or around August of 2019, did you manage and control

6    Broad Reach Capital, LP?

7    THE DEFENDANT:  Yes.

8    MS. MURPHY:  And I will refer in my questions to

9    that time period of February 2016 through August of 2019 as

10   "the Relevant Time Period."

11   Did Broad Reach Capital purport to be a pooled

12   investment fund or a hedge fund that was open to accredited

13   investors with a minimum investment of $1 million?

14   THE DEFENDANT:  Yes.

15   MS. MURPHY:  And did you own and control Broad

16   Reach Partners, LLC?

17   THE DEFENDANT:  Yes.

18   MR. MURPHY:  Was Broad Reach Partners the general

19   partner of Broad Reach Capital?

20   THE DEFENDANT:  Yes.

21   MS. MURPHY:  Did you also own and control Bristol

22   Advisors, LLC?

23   THE DEFENDANT:  Yes.

24   MS. MURPHY:  Did Bristol Advisors provide

25   investment advisory services to Broad Reach Capital?

20

1                    THE DEFENDANT:  Yes.

2                    MS. MURPHY:  And during the Relevant Time Period,

3       did you use Broad Reach Capital to engage in a securities

4       fraud scheme?

5                    THE DEFENDANT:  Yes.

6                    MS. MURPHY:  As part of that securities fraud

7       scheme, did you solicit investments from individuals and

8       entities under fraudulent pretenses?

9                    THE DEFENDANT:  Yes.

10                   MS. MURPHY:  And over the course of the scheme,

11      did you raise more than $100 million in cash from multiple

12      investors?

13                   THE DEFENDANT:  Yes.

14                   MS. MURPHY:  And more specifically, did you

15      misrepresent to potential Broad Reach Capital investors that

16      you would invest their funds in particular trading

17      strategies?

18                   THE DEFENDANT:  Yes.

19                   MS. MURPHY:  And specifically, during the Relevant

20      Time Period, did you solicit investments from Victim 1 and

21      Victim 2 as they are identified in the indictment?

22                   THE DEFENDANT:  Yes.

23                   MS. MURPHY:  Did you misrepresent to both Victim 1

24      and Victim 2 that their money would be invested in

25      particular trading strategies?

21

1          THE DEFENDANT:  Yes.

2          MS. MURPHY:  And did Victim 1 and Victim 2 both

3    make multi-million dollar investments in Broad Reach

4    Capital?

5          THE DEFENDANT:  Yes.

6          MS. MURPHY:  And did you instead divert funds from

7    victim Broad Reach Capital investors, including Victim 1 and

8    Victim 2, for purposes inconsistent with the represented

9    trading strategies, including for personal use and to pay

10   out millions of dollars to other investors?

11         THE DEFENDANT:  Yes.

12         MS. MURPHY:  And did you also misrepresent the

13   success and performance of Broad Reach Capital, and the

14   value of Broad Reach Capital's assets, to both investors and

15   prospective investors?

16         THE DEFENDANT:  Yes.

17         MS. MURPHY:  And did you engage in the actions

18   just described knowingly, willfully, and intentionally?

19         THE DEFENDANT:  Yes.

20         MS. MURPHY:  And are you pleading guilty today

21   voluntarily and of your own free will because you are, in

22   fact, guilty of the securities fraud scheme charged in Count

23   Seven of the indictment?

24         THE DEFENDANT:  Yes.

25         MS. MURPHY:  Your Honor, the United States

22

1  represents to the Court that if this matter were to have

2  proceeded to trial, the United States could have proven each

3  and every element of Count Seven of the indictment beyond a

4  reasonable doubt on the basis of independent evidence.

5          The United States believes that Ms. Smith's

6  affirmative answers to the questions, coupled with the

7  representations from the United States, provide a sufficient

8  factual basis for acceptance of her plea to Count Seven of

9  the indictment.

10          THE COURT:  All right.

11          In the matter of United States v. Smith, the Court

12  finds as follows:

13          It is unknown when the Covid-19 pandemic will

14  subside and when the Court will be able to function at

15  normal capacity.  Therefore, I find in the interests of

16  justice and with the consent of Ms. Smith today's plea was

17  necessary in order to avoid future backlogs and to permit

18  the Court's ability to effectively function during this

19  pandemic emergency.

20          I find that Ms. Smith is fully competent and

21  capable of entering a plea; she is aware of the charges and

22  the consequences; her plea is voluntary and knowing,

23  supported by an independent basis in fact.

24          The plea is therefore accepted, and she is now

25  adjudged guilty of the offense.

23

1              So, Ms. Smith --

2              We have a sentencing date of?

3              THE COURT CLERK:  January 20th, 2022 at 11 a.m.

4              THE COURT:  And prior to that date, you will

5    appear with the Probation Department to prepare that

6    presentence report.  Your attorney can be with you if you

7    choose.

8              In advance of the sentencing, the Government and

9    Mr. Carlucci will send me sentencing memos.  You can send me

10   anything through your attorney as well, if you choose.

11             And at sentencing, you have the right to speak.  I

12   welcome your remarks.  But it's not required; it's up to

13   you.  But you certainly have that right, and I will

14   certainly welcome you to speak.

15             Anything further?

16             MS. MURPHY:  Nothing further from the Government,

17   Your Honor.

18             THE COURT:  Mr. Carlucci?

19             MR. CARLUCCI:  Nothing further, Your Honor.

20             THE COURT:  All right, guys, be well.  See you in

21   January.  Take care.

22             MS. MURPHY:  Thank you.  Bye-bye.

23        (Matter concluded)

24

25

CHARLES P. McGUIRE, C.C.R.

Receiver (14) — 000023

24

1

2          Pursuant to Section 753, Title 28, United States

3     Code, the foregoing transcript is certified to be

4     an accurate record as taken stenographically in

5     the above entitled proceedings.

6

7

8                              s/CHARLES P. McGUIRE, C.C.R.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CHARLES  P.  McGUIRE,  C.C.R.