# EXHIBIT 7

Case 2:22-cv-00988-MCA-SDA   Document 106-1   Filed 07/31/25   Page 2 of 33 PageID:
Case 2:19-cv-17213-MCA-ESK   Document 122   Filed 06/29/21   Page 2 of 32 PageID: 981
1169

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : <br> : <br> : **C. A. No. 2:19-cv-17213 (MCA)** <br> : <br> Plaintiff, : <br> v. : <br> : <br> : <br> BRENDA SMITH, BROAD REACH : <br> CAPITAL, LP, BROAD REACH : <br> PARTNERS, LLC, and BRISTOL : <br> ADVISORS, LLC, : <br> : <br> : <br> Defendants. : <br> : |

## [AMENDED PROPOSED] ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon Plaintiff Securities and Exchange Commission's (the "SEC") Motion for an Order Appointing a Receiver;

**WHEREAS** Defendants and their affiliate entities possess significant assets—the full nature and extent of which are not currently known to the Court—including, but not limited to, cash, real and personal property, investments of any kind, such as ownership interests in companies or partnerships, minerals, cryptocurrency, and other assets, the value of which should be preserved during the pendency of this litigation;

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of Defendants Brenda Smith; Broad Reach Capital, LP; Broad Reach Partners, LLC; and Bristol Advisors, LLC (collectively "Defendants") and affiliated companies owned or controlled by one or more Defendants, including BA Smith &

Case 2:22-cv-00983-MCA-SDA   Document 106-8   Filed 07/31/25   Page 3 of 33 PageID:
Case 2:19-cv-17213-MCA-ESK   Document 122   Filed 06/29/21   Page 2 of 32 PageID: 982
1170

Associates LLC; Bristol Advisors LP; CV Brokerage, Inc; Clearview Distribution Services LLC;

CV International Investments Limited; CV International Investments PLC; CV Investments

LLC; CV Lending LLC; CV Minerals LLC; BD of Louisiana, LLC; TA 1, LLC; FFCC Ventures

LLC; Prico Market LLC; GovAdv Funding LLC; Elm Street Investors LLC; Investment

Consulting LLC; and Tempo Resources LLC ("Affiliated Entities"), that:  (1) are attributable to

assets derived from investors or clients of Defendants; (2) are held in constructive trust for the

Defendants; (3) were fraudulently transferred by the Defendants; and/or (4) may otherwise be

included as assets of the estates of the Defendants or Affiliated Entities (collectively "the

Receivership Estate" or "Receivership Assets");

      **WHEREAS** this Court has subject matter jurisdiction over this action and personal

jurisdiction over Defendants, and venue properly lies in this district;

      **WHEREAS** nothing in this Order shall be construed as to require Smith to waive her

rights under the Fifth Amendment of the United States Constitution;

      **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
THAT:**

      1.     This Court hereby takes exclusive jurisdiction and possession of the Receivership

Assets, including, but not limited to, assets of the following Defendants and Affiliated Entities:

Broad Reach Capital, LP; Broad Reach Partners, LLC; Bristol Advisors, LLC; BA Smith &

Associates LLC; Bristol Advisors LP; CV Brokerage, Inc; Clearview Distribution Services LLC;

CV International Investments Limited; CV International Investments PLC; CV Investments

LLC; CV Lending LLC; CV Minerals LLC; BD of Louisiana, LLC; TA 1, LLC; FFCC Ventures

LLC; Prico Market LLC; GovAdv Funding LLC; Elm Street Investors LLC; Investment

Consulting LLC; and Tempo Resources LLC, (collectively, the "Receivership Parties"). The Receiver may petition the Court to add additional entities to the Receivership Parties.

2.      As way of further specification, the Receivership Assets shall also include the following known assets, believed to be owned, possessed, or controlled by the Receivership Parties or Brenda Smith ("Smith"):  personal property at Smith's former residence at 222 West Rittenhouse Square, Penthouse 3, Philadelphia, Pennsylvania; any vehicles owned by Smith, the Receivership Parties, or Affiliated Entities; personal property and office equipment at the former office space used by Defendants at 200 Four Falls Corp., Suite 211, 1001 Conshohocken State Road, West Conshohocken, Pennsylvania; certain real property at David Road and Adams Road, Parish of Tangipahoa, Louisiana; bank or brokerage accounts held or controlled by Smith; interests in any securities (such as stock, bonds, and options); any securities purchased by Prico LLC, including but not limited to securities of LYFT Inc. and Palantir Technologies; interests in any cryptocurrency, digital currencies, or virtual currencies; digital or electronic property; intellectual property; receivables; minerals or mineral rights; and interests in any companies or partnerships.

3.      Moreover, the Receivership Assets also include frozen accounts in the names of the following:  Prophecy Alpha Fund LP; Raffle Trading LLC; Ardeleigh Investment Advisory Services, Ltd.; Taylor Trading LLC; Awooton Consulting; and Rybicki Capital Partners LLC.  It is understood that certain third parties, including Taylor Trading LLC, Awooton Consulting, and Rybicki Capital Partners LLC, have expressed an interest in or ownership of certain assets. Nothing in this Order shall be considered an adjudication of such asserted rights or claims, and it is without prejudice to such claims being asserted in this Court.

Case 2:23-cv-00983-MCA-SDA   Document 196-1   Filed 07/31/25   Page 5 of 33 PageID:
Case 2:19-cv-17213-MCA-ESK   Document 122   Filed 06/29/21   Page 4 of 32 PageID: 984
1172

4.      To the extent any person or entity believes that these assets, or any of the

Receivership Parties is not a proper part of the Receivership Estate, he, she, or it may petition the

Court for relief.

5.      Until further Order of this Court, Kevin D. Kent, Esq., of the firm Conrad

O'Brien, is hereby appointed to serve without bond as receiver (the "Receiver") to assume

control of, marshal, pursue, and preserve the Receivership Assets.

**I.      Asset Freeze**

6.      Previously, the Court issued a Preliminary Injunction Freezing Assets and

Granting Other Relief in this matter.  (Dkt. 7).  Except as otherwise specified herein, that asset

freeze remains in effect.  Furthermore, to the extent not encompassed by the Preliminary

Injunction and except as otherwise specified herein, all assets of Defendants and Receivership

Parties (collectively, "Receivership Assets") are frozen until further order of this Court.

"Receivership Assets" means assets of any and every kind whatsoever, including without

limitation all assets described in this Order, that are: (a) owned, controlled, or held, in whole or

in part, by or for the benefit of any of the Receivership Parties; (b) in the actual or constructive

possession of any of the Receivership Parties, or other individual or entity acting in concert with

any of the Receivership Parties; (c) held by an agent of any of the Receivership Parties, including

as a retainer for the agent's provision of services; or (d) owned, controlled, or held, in whole or

in part, by, or in the actual or constructive possession of, or otherwise held for the benefit of, any

corporation, partnership, trust, or other entity directly or indirectly owned, controlled, or held, in

whole or in part, by any of the Receivership Parties, including assets that have been transferred

to other persons or entities but as to which assets such persons or entities do not have a legitimate

claim.  Accordingly, all persons, institutions, and entities with direct or indirect control over any

Receivership Assets— other than the Receiver or law enforcement officials acting within the

Case 2:23-cv-09388-MCA-SDA   Document 106-9   Filed 07/31/25   Page 6 of 33 PageID:
Case 2:19-cv-17213-MCA-ESK   Document 122-9   Filed 06/29/21   Page 6 of 32 PageID: 7985
1173

course and scope of their official duties—are hereby restrained and enjoined from directly or

indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating

or otherwise disposing of or withdrawing such Receivership Assets.  This freeze shall include,

but not be limited to, Receivership Assets that are on deposit with financial institutions such as

banks, brokerage firms, and mutual funds, or other institutions, including but not limited to

interests in loans, participation agreements, companies, partnerships, and/or their successors and

assigns.

## II.        General Powers and Duties of Receiver

7.        Except as limited herein, the Receiver shall have all powers, authorities, rights,

and privileges heretofore possessed by the officers, directors, managers, and general and limited

partners of the Receivership Parties under applicable state and federal law, by the governing

charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver

at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959

and 1692, Fed. R. Civ. P. 66, and this Order, including but not limited to paragraphs 48 and 49 of

this Order.

8.        The trustees, directors, officers, managers, investment advisors, accountants,

attorneys, and other agents of the Receivership Parties are hereby dismissed and the powers of

any partners, directors, and/or managers are hereby suspended.  Such persons and entities shall

have no authority with respect to the Receivership Parties' operations or assets, except to the

extent as hereafter may be expressly granted by the Receiver.  This Order, however, does not

dismiss Defendants' attorneys, if any, who file an appearance in this action, nor does it authorize

any payments to any such attorneys from assets of the Receivership Parties.  The Receiver shall

assume and control the operation of the non-individual Receivership Parties and shall preserve

all of their claims or interests using the powers set forth in this Order.

9. The Receiver shall not have the power to initiate suits in law or in equity without further Order of this Court, except and to the extent necessary to preserve any limitations period in which case the Receiver shall seek this Court's approval to proceed any further with any such suit.

10. No person holding or claiming any position of any sort with any of the Receivership Parties shall possess any authority to act by or on behalf of any of the non-individual Receivership Parties, unless expressly authorized, in writing, by the Receiver.

11. Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

    A. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Parties, including, but not limited to, monies, funds, securities, credits, investments, savings, options, shares, cash, currencies, checks, accounts, real property, vehicles, boats, equipment, fixtures, effects, goods, chattels, lands, premises, leases, claims, causes of action, notes, membership interests in any limited liability company, partnership interests, contracts, certificates of title, instruments, inheritances, interests in any trust, art, collectibles, furnishings, jewelry, personal effects, digital currencies, virtual currencies, cryptocurrencies, digital or electronic property, intellectual property, receivables, minerals or mineral rights, casino accounts, deposits, or chips, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Parties own, possess, have a beneficial interest in, or control

Case 2:23-cv-00388-MCA-SDA   Document 106-8   Filed 07/31/25   Page 8 of 33 PageID:
Case 2:19-cv-17213-MCA-ESK   Document 122   Filed 06/29/21   Page 7 of 32 PageID: 7981
1175

directly or indirectly;

B.     To take custody, control, and possession of all Receivership Assets and records relevant thereto from Smith and the Receivership Parties;

C.     To manage, control, operate, and maintain the Receivership Estate and hold in his possession, custody, and control all Receivership Assets, pending further Order of this Court;

D.     To use Receivership Assets for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.     To take any action which, if not for the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Parties, except as limited by this Order;

F.     Subject to other provisions of this Order, including paragraph 69, to engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers, provided that the reasonable expected cost for any such engagements does not exceed $10,000 in a calendar year;

G.     To take such action as necessary and appropriate for the preservation of Receivership Assets or to prevent the dissipation or concealment of

Receivership Assets;

H.     To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.     Subject to other provisions of this Order, including paragraphs 38-40, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Parties or Receivership Assets;

K.     To establish and operate a website for the Receivership, to facilitate dissemination of information to investors and for such other purposes as the Receiver deems appropriate and in the interest of the Receivership Estate; and

J.     To take such other action as may be approved by this Court.

12.     Unless otherwise limited by this Order, the Receiver is authorized to exercise all equitable powers under applicable law.

13.     The Receiver may delegate to his agents any of the powers of the Receiver granted to him by this Order.

14.     The Receiver may seek further Orders of this Court regarding standing powers of the Receiver, operations of Receivership Parties, and administration of Receivership Assets as may be deemed necessary to conserve the Receivership Assets, secure the best interests of creditors, investors, and other stakeholders of the Receivership Parties, and protect the interests of the Receiver.

### III.     Access to Information

15.     Smith and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Parties,

as well as those acting in their place, including third parties storing financial and other business information and/or email communications, or other assets or documents, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Parties and/or all Receivership Assets; such information shall include but not be limited to books, records, documents, accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, details of items deposited, and check registers), client lists, title documents, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, computer files, databases and other data compilations, including but not limited to records relating to any investments or other transfers of money or other assets made by or on behalf of Receivership Parties, including but not limited to all electronically stored records and information, including any information stored by third parties or using cloud-based services, access codes, security codes, passwords, safe deposit keys, combinations, and all other instruments, papers, and electronic data or records of any kind or nature.  This does not, however, include any documents or files of Smith's personal attorneys, if any, that are protected by the work-product doctrine and/or attorney-client privilege.

16.     Within ten (10) days of the entry of this Order, the Receivership Parties shall serve upon the Receiver and the SEC a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Assets, including contact information for the party in possession of all assets of such Receivership Party, held jointly or singly, including without limitation all assets held outside the territory of the United States; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and any other agents or contractors of the Receivership Parties; and (c) the amount and nature of all liabilities of such Receivership Party,

Case 2:22-cv-00388-MCA-SDA   Document 106-9   Filed 07/21/25   Page 11 of 33
Case 2:19-cv-21773-MCA-ESK   Document 22   Filed 06/29/20   Page 10 of 32 PageID: 790
PageID: 1178

including without limitation the names, addresses, and amounts of claims of all known creditors

of the Receivership Parties. Such sworn statement shall include the names, addresses, telephone

numbers, facsimile numbers, and e-mail addresses of the holders of any legal, equitable, or

beneficial interests in such assets and the names, addresses, telephone numbers, facsimile

numbers, and e-mail addresses of any financial institutions or other persons or entities holding

such assets, along with the account numbers and balances. The sworn statements shall be

accurate as of the date of this Order, shall be signed and verified as true and complete under

penalty of perjury.

17.    Within thirty (30) days of the entry of this Order, the Receivership Parties shall

serve upon the Receiver and the SEC a sworn statement and accounting, with complete

documentation, covering the period from January 1, 2013 to the present:

      A.    Of all Receivership Assets, wherever located, held by or in the name of

the Receivership Parties, or in which any of them, directly or indirectly,

has or had any beneficial interest, or over which any of them maintained

or maintains and/or exercised or exercises control, including, but not

limited to: (a) all securities, investments, funds, real estate, automobiles,

jewelry, digital assets, including but not limited to any assets contained in

digital assets held at crypto-currency exchanges, and other assets, stating

the location of each; and (b) any and all accounts, including all funds held

in such accounts, with any bank, brokerage, or other financial institution,

or any other institution, including but not limited to casinos, held by, in the

name of, or for the benefit of any of them, directly or indirectly, or over

which any of them maintained or maintains and/or exercised or exercises

any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage, or other financial institution;

B.     Identifying every account at every bank, brokerage, or other financial institution: (a) over which Receivership Parties have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Parties;

C.     Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Party, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.     Of all assets received by any of Receivership Parties from any person or entity, including the value, location, and disposition of any assets so received;

E.     Of all funds received by the Receivership Parties, and each of them, in any way related, directly or indirectly, to the conduct alleged in the SEC's Complaint.  The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F.     Of all expenditures exceeding $1,000 made by any of Receivership Parties, including those made on their behalf by any person or entity; and

Case 2:22-cv-00388-MCA-SDA Document 106-6 Filed 07/21/25 Page 13 of 33
Case 2:18-cv-17213-MCA-ESK Document 121 Filed 06/29/20 Page 12 of 32 PageID: 792
PageID: 1180

G.      Of all transfers of assets made by any of Receivership Parties.

18.      Within thirty (30) days of the entry of this Order, the Receivership Parties shall

provide to the Receiver and the Commission copies of the Receivership Parties' federal income

tax returns for 2013 through the present with all relevant and necessary underlying

documentation.

19.      The Receivership Parties' past and/or present officers, directors, agents, attorneys,

managers, shareholders, employees, accountants, debtors, creditors, managers and general and

limited partners, and other appropriate persons or entities shall answer all questions which the

Receiver may put to them and produce all documents as required by the Receiver regarding the

business of the Receivership Parties, or any other matter relevant to the operation or

administration of the receivership or the collection of funds due to the Receivership Parties.  The

Receiver maintains and controls the attorney-client privilege for all Receivership Parties,

provided, however, that nothing in this Order shall operate as or effectuate a waiver of the

attorney-client privilege regarding communications between Defendant Smith and her personal

attorneys, if any, and such personal attorneys shall not be compelled by this Order to divulge

information that would otherwise be protected by the attorney-client or any other applicable

privilege.

20.      The Receivership Parties are required to assist the Receiver in fulfilling his duties

and obligations.  As such, they must respond promptly and truthfully to all requests for

information and documents from the Receiver.  This cooperation and assistance shall include,

but not be limited to: (a) providing any information or documents that the Receiver deems

necessary or appropriate to the exercise of the Receiver's authority and the discharge of the

Receiver's responsibilities under this Order; (b) providing any keys, including but not limited to

Case 2:22-cv-00888-MCA-ESR Document 106-0 Filed 07/21/25 Page 14 of 33
Case 2:19-cv-21213-MCA-ESR Document 22 Filed 06/29/20 Page 13 of 32 PageID: 793
PageID: 1181

physical, digital, and cryptographic keys, codes, the combination to the safe located at the office

space used by one or more Receivership Parties at 200 Four Falls Corp., Suite 211, 1001

Conshohocken State Road, West Conshohocken, PA, device PINs, and passwords, including but

not limited to account, encryption, email account, financial account, online account (including

but not limited to web-based financial services and banking accounts) and computer passwords

required to access any computer, electronic file, or telephonic data in any medium; (c)

immediately advising all persons who owe money or currency of any kind to the Receivership

Parties that all debts should be paid directly to the Receiver; (d) providing full access to all

Receivership Assets; and (e) maintaining and not wasting, damaging, disposing of, or

transferring in any manner any Receivership Assets.

### IV.    Access to Books, Records, and Accounts

21.    The Receiver is authorized to take immediate possession of all assets, bank

accounts or other financial accounts, books, and records and all other documents or instruments

relating to the Receivership Parties.  All persons and entities having control, custody, or

possession of any Receivership Assets are hereby directed to turn such property, including but

not limited to all accounts, over to the Receiver.

22.    The Receivership Parties, as well as their agents, servants, employees, attorneys,

any persons acting for or on behalf of the Receivership Parties, including third party vendors of

the Receivership Parties, and any persons receiving notice of this Order by personal service,

facsimile transmission, overnight mail, U.S. mail, electronic mail, or otherwise, having

possession of the property, business, books, records, accounts, or assets of the Receivership

Parties are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

23.    All banks, brokerage firms, financial institutions, and other persons or entities

which have possession, custody, or control of any assets or funds held by, in the name of, or for

Case 2:22-cv-00888-MCA-SDA  Document 106-9  Filed 07/21/25  Page 15 of 33
Case 2:18-cv-12213-MCA-ESR  Document 11  Filed 06/29/20  Page 14 of 32  PageID: 3794
PageID: 1182

the benefit of, directly or indirectly, the Receivership Parties that receive actual notice of this Order by personal service, facsimile transmission, electronic mail, or otherwise shall:

      A.    Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Parties except upon instructions from the Receiver;

      B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

      C.    Within thirty (30) days of receipt of that notice, serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

      D.    Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

**V.      Access to Real and Personal Property**

24.    Promptly after service of this Order upon them, or within such period as may be permitted by the Receiver, upon the Receiver's request, all Receivership Parties, and all other persons in active concert or participation with any of them, and all financial institutions who receive actual notice of this Order, whether by personal service or otherwise, and whether acting directly or through any corporation, subsidiary, division, or other device, shall transfer or deliver to the Receiver's possession, custody and control all Receivership Assets as well as all records and other materials belonging to the Receivership Estate.

25.    The Receiver is authorized but not directed to take immediate possession of all personal property of the Receivership Parties, wherever located, including but not limited to

Case 2:22-cv-00888-MCA-SDA   Document 106-9   Filed 07/21/25   Page 16 of 33
Case 2:19-cv-17213-MCA-ESK   Document 22   Filed 06/29/20   Page 15 of 32   PageID: 795
PageID: 1183

electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, equipment, cars,  and any personal property in Smith's former residence.

26.     The Receiver is authorized but not directed to take immediate possession of all real property of the Receivership Parties, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission, overnight mail, U.S. mail, electronic mail, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises.  This paragraph shall not be read to authorize or excuse any such action taken prior to the receipt of actual notice of this Order and the Receiver shall retain the authority to investigate and/or challenge any such action pursuant to the powers and duties set forth in this Order.

27.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receivership Parties, all other persons in possession or control of Receivership Assets, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

Case 2:22-cv-00888-MCA-ESR Document 106 Filed 07/21/25 Page 17 of 33
Case 2:19-cv-17213-MCA-ESR Document 22 Filed 06/29/20 Page 16 of 32 PageID: 796
PageID: 1184

28.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Parties, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

29.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.  In addition, the Receiver is authorized to request similar assistance from any other federal, state, county, or civil law enforcement officer(s) or constable(s) of any jurisdiction.

## VI.      Notice to Third Parties

30.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Parties, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

31.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Party shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if the Receivership Party had received such payment.  This requirement applies to, inter alia, the related, interpleader action filed in this district, and captioned *Spouting Rock Holdings, LLC v. Broad Reach Capital, LP, et al*., No. 20-cv-02498 (D.N.J.) (MCA) ("Interpleader Action").  The funds at issue in the Interpleader Action shall be paid to the Receiver for the benefit of the Receivership Estate.  However, Spouting Rock

Case 2:22-cv-00888-MCA-SDA Document 106-06 Filed 07/21/25 Page 18 of 33
Case 2:19-cv-17213-MCA-ESK Document 22 Filed 06/29/20 Page 17 of 32 PageID: 797
PageID: 1185

Holdings, LLC may appear in this action for the limited purpose of seeking any other remedies it sought in the Interpleader Action.

32.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate.  All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

33.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Parties (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Parties.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  The Receivership Parties shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  All personal mail of Smith, any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee or addressee's attorney by the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Parties.  The Receivership Parties shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

Case 2:22-cv-00888-MCA-ESK Document 106-9 Filed 07/21/25 Page 19 of 33
Case 2:18-cv-11213-MCA-ESK Document 22 Filed 06/29/20 Page 18 of 32 PageID: 798
PageID: 1186

34.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership Parties shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

**VII.     Injunction Against Interference with Receiver**

35.     The Receivership Parties, other persons in possession or control of Receivership Assets, and all persons, other than law enforcement officials acting within the course and scope of their official duties, receiving notice of this Order by personal service, facsimile, electronic mail, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

B.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

C.     Dissipate or otherwise diminish the value of any Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying

any Receivership Assets, enforcing judgments, assessments, or claims against any Receivership Assets or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Assets; or,

D.  Transact any of the business of the Receivership Parties or transfer any Receivership Assets to anyone other than the Receiver or the Receiver's expressly designated agents;

E.  Destroy, secret, deface, transfer, delete, or otherwise alter or dispose of any documents of or pertaining to the Receivership Parties or the Receivership Assets and to the extent any such documents are no longer in existence, fail to disclose the nature and contents of such documents and how, when, and by whom such documents were caused to no longer be in existence;

F.  Fail to notify the Receiver of any Receivership Assets, including accounts constituting Receivership Assets held in any name other than the name of a Receivership Party, or by any person other than the Receivership Parties, or fail to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Receivership Assets;

G.  Refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their powers, duties, or authority under any order

Case 2:22-cv-00388-MCA-SDA   Document 106-9   Filed 07/21/25   Page 21 of 33
Case 2:18-cv-12213-MCA-ESK   Document 22   Filed 06/29/20   Page 20 of 32   PageID: 800
PageID: 1188

of this Court; or

H.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

36.    The Receivership Parties shall cooperate with and assist the Receiver in the performance of his duties.

37.    The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

**VIII.    Stay of Litigation**

38.    As set forth in detail below, the following proceedings, excluding the instant proceeding, all criminal, police, or regulatory actions, actions of the SEC related to the above-captioned enforcement action, and the civil proceedings described in paragraph 41 below, are stayed upon entry of this Order and until further Order of this Court:  all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) any of the Receivership Parties, including subsidiaries and partnerships; or (d) any of the Receivership Parties' past or present officers, directors, managers, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

39.    The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

Case 2:22-cv-00388-MCA-SDA Document 106-06 Filed 07/21/25 Page 22 of 33
Case 2:19-cv-17213-MCA-ESK Document 22 Filed 06/29/20 Page 21 of 32 PageID: 801
PageID: 1189

40.     Except as set forth in paragraph 41 below, all Ancillary Proceedings are stayed in their entirety.  Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Parties against a third person or party any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

41.     This stay does not apply to the claims asserted against parties other than the Receivership Parties and Smith in the pending case in the Eastern District of Pennsylvania entitled *Surefire Dividend Capture, LP v. Brenda Smith, et al.*, Civil Action No.: 2:19-CV-04088-BMS, and the pending arbitration matter *Surefire Dividend Capture, LP v. Broad Reach Capital, LP, Broad Reach Capital, LLC, Bristol Advisors, LLC, and Brenda Smith*, JAMS Demand for Arbitration, Index No.: 1450006353 (collectively "Pending Third-Party Actions"). For clarity, the stay does not apply to Surefire's claims against Renato Escobar Iregui, William Thomas McCormack, Scott Anthony Kopenheffer, Sanville & Co., and the Nottingham Company.  However, absent further order of this Court, the parties to the Pending Third-Party Actions are stayed from collecting on any judgment obtained in the Pending Third-Party Actions and this Court shall determine the equitable distribution of assets among interested parties and/or priority as to competing claims between the Receiver and parties in the pending Third-Party Actions, if any.

42.     Any person seeking modification or relief from the stay imposed herein may, seven days after giving the Receiver and counsel for the Commission written notice by email, petition the Court for such modification or relief.

Case 2:22-cv-00888-MCA-SRDA Document 106-06 Filed 07/21/25 Page 23 of 33
Case 2:19-cv-11213-MCA-ESK Document 22 Filed 06/29/20 Page 22 of 32 PageID: 802
PageID: 1190

## IX.        Managing Assets

43.        The Receiver shall establish one or more custodial accounts at Bank of America, a
federally insured bank, to receive and hold all cash equivalent Receivership Assets (the
"Receivership Funds").

44.        The Receiver's deposit account shall be entitled "Receiver's Account, Estate of
Broad Reach Capital, LP, et al." together with the name of the action, or a title to that effect.

45.        Without further Order of this Court, the Receiver may not liquidate or otherwise
dispose of Receivership Assets, including real estate, other than in the ordinary course of
business or in the Receiver's judgment the asset is of *de minimus* value and/or the costs
associated with maintaining the asset is likely to exceed its value.

46.        The Receiver's duties shall include, using reasonable efforts, identifying,
marshaling, taking custody of, and preserving the value of the Receivership Assets.  Defendant
Smith shall retain responsibility, and the Receiver shall assume no responsibility, for preparing
and filing her personal income tax returns.

47.        Upon further Order of this Court, pursuant to such procedures as may be required
by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be
authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

48.        The Receiver is authorized to take all actions to manage, maintain, and/or wind-
down business operations of the Receivership Parties, including making legally required
payments to pre-appointment creditors, employees, and agents of the Receivership Estate and
communicating with vendors, investors, governmental and regulatory authorities, and others, as
appropriate.  Any debts or amounts owed by Receivership Parties that pre-date this Order,
including for services rendered before that date, shall not be paid absent order of the Court.  The
Receiver will consult with the SEC and recommend a claims procedure to the Court at the

Case 2:22-cv-00388-MCA-SRDA  Document 106-6  Filed 07/21/25  Page 24 of 33
Case 2:18-cv-11213-MCA-ESR  Document 121  Filed 06/29/20  Page 23 of 32  PageID: 803
PageID: 1191

appropriate time, and stake holders will have an opportunity to comment on the proposed claims procedure.

49.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable.  The Receiver shall file tax returns in accordance with regulations applicable to any such "Settlement Fund" status.

## X.        Investigate and Prosecute Claims

50.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover, conserve and/or maximize Receivership Assets.

51.     Subject to the obligation to expend Receivership Assets in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Parties were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  The Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.  Nothing in this paragraph shall be read to

Case 2:22-cv-00888-MCA-SDA Document 106-6 Filed 07/21/25 Page 25 of 33
Case 2:18-cv-17213-MCA-ESK Document 122 Filed 06/29/20 Page 24 of 32 PageID: 804
PageID: 1192

require the Receiver to waive any applicable legal privilege, such as the attorney-client privilege, or work product protection.

52.    The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all Receivership Parties, but not any personal privilege held by Smith.

53.    The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, the Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI.    Bankruptcy Filing

54.    The Receiver may seek an Order of this Court authorizing the Receiver to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Parties, or any of them.  If a Receivership Party is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estate as, a debtor in possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.  Pursuant to Paragraph 7 above, the Receiver is vested with management authority for all Receivership Parties and may therefore file and manage a Chapter 11 petition.

55.    The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Parties in bankruptcy proceedings.

## XII.    Liability of Receiver

56.    Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

57.    Subject to other provisions of this Order, the Receiver may choose, engage and

Case 2:22-cv-00388-MCA-SDA Document 106-6 Filed 07/21/25 Page 26 of 33
Case 2:18-cv-1213-MCA-ESK Document 22 Filed 06/29/20 Page 25 of 32 PageID 805
PageID: 1193

employ attorneys, accountants, appraisers, and any other independent contractors and technical specialists, including, but not limited to, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, property managers, brokers, traders, and auctioneers (collectively, "Retained Personnel") as the Receiver deems advisable or necessary in the performance of the Receiver's duties and responsibilities under the authority granted by this Order. The Receiver and his Retained Personnel, acting within scope of such agency, are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, including compliance with applicable law governing the collection of debt, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

58.     This Court shall retain exclusive jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions alleged to have been committed in their representative capacities.

59.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

60.     The Receiver shall not be personally liable for any liabilities that have accrued or will accrue to the Receivership Estate or the Receivership Parties.

Case 2:22-cv-00888-MCA-RDA Document 106-6 Filed 07/21/25 Page 27 of 33
Case 2:19-cv-17213-MCA-ESK Document 22 Filed 06/29/20 Page 26 of 32 PageID: 806
PageID: 1194

### XIII.    Insurance

61.    The Court recognizes that the Receiver accepts this appointment without time for independent verification that appropriate insurance is in place on the property or that appropriate liability or other insurance is in place to protect the Receivership Assets and the Receivership Estate.  Accordingly, the Court acknowledges that the Receiver has no responsibility or liability until such time as he can confirm that such insurance is in place or acquire the appropriate insurance.  The Receiver shall make it a priority to verify or obtain insurance coverage immediately upon this Order Appointing Receiver being entered; however, the SEC, Receivership Parties, and Court acknowledge there may be a gap of time before such insurance may be in place to properly protect the assets of the estate and any employees of the estate, and that the Receiver has no responsibility or liability until such time as he/it has notified the Court by filing a notice that insurance is in place.

62.    Defendants are ordered to immediately provide the Receiver with all available insurance information for both existing and prior insurance policies. This includes all applications, policies, riders, correspondence, endorsements, claims and other information. Defendants are ordered: (1) to advise the insurance agent(s) of this Order in writing, (2) designate all authority over the policies to the Receiver, and (3) take no action with regard to terminating or modifying existing insurance policies.

63.    Any insurance broker, agent, carrier, or underwriter is specifically ordered by the Court to cooperate with the Receiver by timely furnishing the following: (1) copies of all insurance policies including any riders, endorsements and applications with respect to policies related to the Receivership Estate, (2) loss history for five consecutive years or for as long as insurance has been in force if less than five years, (3) premium payment history including current status, and (4) any correspondence with insurance agents, brokers and companies.  Policies shall

Case 2:22-cv-00888-MCA-SRDA Document 106-9 Filed 07/21/25 Page 28 of 33
Case 2:18-cv-17213-MCA-ESR Document 22 Filed 06/29/20 Page 27 of 32 PageID: 807
PageID: 1195

be endorsed by the Defendants naming the Receiver as Named Insured and Loss Payee effective the date of this Order as appropriate to the type of coverage, and evidence of this policy endorsement shall be promptly supplied to the Receiver.

64.     Subject to other provisions of this Order, the Receiver is hereby authorized to engage insurance brokers and consultants as necessary to properly insure the Receivership Assets.

**XIV.     Recommendations and Reports**

65.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient preservation of assets during the pendency of this litigation (the "Preservation Plan").

66.     Within 60 days of the entry date of this Order the Receiver shall file the Preservation Plan in the above-captioned action, with service copies to counsel of record, to allow the Court to evaluate the Receiver's planned course of action for the preservation of assets.

67.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

68.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the

Case 2:22-cv-00388-MCA-SDA   Document 106-9   Filed 07/21/25   Page 29 of 33
Case 2:19-cv-17213-MCA-ESK   Document 22   Filed 06/29/20   Page 28 of 32 PageID: 808
PageID: 1196

estate;

C.   A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.   A description of all known Receivership Assets, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.   A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.   A list of all known creditors with their addresses and the amounts of their claims;

G.   The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

69.   On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

### XV.  Fees, Expenses, and Accountings

70.     Subject to Paragraphs 69 to 83 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

71.     The Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order and need not obtain prior Court approval if the reasonably expected cost is less than $10,000 in a calendar year.  If the cost is expected to exceed $10,000, the Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.  As set forth below in Paragraphs 77 to 83, the Court approves the Receiver's retention of Conrad O'Brien as counsel and Alvarez & Marsal Disputes and Investigations, LLC ("Alvarez") as accountant to assist the Receiver in this matter.

72.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver, Conrad O'Brien, and Alvarez.  Such compensation shall require the prior approval of the Court.

73.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Interim Fee Applications").  At least thirty (30) days prior to filing each Interim Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.  To the extent the Receiver's Fee Applications may be

Case 2:22-cv-00388-MCA-SDA Document 106-9 Filed 07/21/25 Page 31 of 33
Case 2:18-cv-17213-MCA-ESK Document 221 Filed 06/29/20 Page 30 of 32 PageID: 810
PageID: 1198

supported by exhibits that include invoices from the Receiver's counsel and accountant, the Receiver is authorized by this Order to separately file such exhibits under seal.

74.     All Interim Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

75.     Interim Fee Applications will be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

76.     Each Interim Fee Application shall:

A.      Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.      Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

77.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

Case 2:22-cv-00888-MCA-RDA Document 106-6 Filed 07/21/25 Page 32 of 33
Case 2:18-cv-17213-MCA-ESK Document 22 Filed 06/29/20 Page 31 of 32 PageID: 811
PageID: 1199

78.     All such fees and expenses of the Receiver, including all amounts due to the Receiver or his counsel, shall be accorded priority to the maximum extent provided by applicable law.

79.     The Court approves the following hourly rates for work performed in connection with the Receivership by the Receiver and others at Conrad O'Brien at his direction according to the following schedule:

**Receiver and Counsel Fees**:

| Receiver | $510 |
|---|---|
| Andrew Gallinaro, Partner | $365 |
| Associate | $240 - $330 |
| Paraprofessional | $165 |

80.     The Court finds that these rates are reasonable for the experience of the individuals performing the work and in light of the complexity of the work performed and are consistent with the rates charged for similarly complex work done by other, similarly experienced professionals in this geographic region.

81.     Receiver's and counsel's fees for professional services and expenses will be reported to the Court and SEC with a 20% holdback.

82.     The Court approves the Receiver's use of Alvarez as accountant to the Receiver in this matter.  The Court approves the following hourly rates for accounting work performed by Michael Shanahan and others at Alvarez at the Receiver's direction in this matter according to the following schedule:

**Accountant's Fees**:

| Michael Shanahan, Managing Director | $550 |
|---|---|
| Managing Director/Senior Director | $550 - $725 |
| Directors/Managers | $425 - $525 |
| Sr. Associates/Associates | $275 - $375 |

Case 2:22-cv-00388-MCA-SRDA Document 106-6 Filed 07/21/25 Page 33 of 33
Case 2:19-cv-17213-MCA-ESK Document 22 Filed 06/29/20 Page 32 of 32 PageID: 812
PageID: 1200

83.     The Court finds that these rates are reasonable for the experience of the individuals performing the work and in light of the complexity of the work performed and are consistent with the rates charged for similarly complex work done by other, similarly experienced professionals in this geographic region.  Notwithstanding the foregoing, the Receiver shall not utilize personnel of the accountant at a rate that exceeds Mr. Shanahan's listed rate without providing written notice of the Receiver's intent to do so to the SEC.

84.     Alvarez's fees for professional services and expenses will be reported to the Court and SEC with a 20% holdback.

85.     The Receiver, Conrad O'Brien, and Alvarez shall not petition the Court for any increase in these hourly rates prior to January 2022.

**IT IS FURTHER ORDERED THAT** this Order shall remain in effect unless and until modified by further Order of this Court, and that the Court shall retain exclusive jurisdiction of the within proceedings for all purposes.


**IT IS SO ORDERED, this** _29th_ **day of** ___June_____, 2020.


_____
HONORABLE MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE